UNITED STATES, Appellee,

v.

Raymond P. MONTOYA, Private, U. S. Army, Appellant.

No. 39259/AR.
CM 14503/S.

U. S. Court of Military Appeals.

July 6, 1982.

For Appellant: *Captain Charles E. Trant* (argued); *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Elliot J. Clark, Jr.* (on brief); *Captain Kevin E. O'Brien.*

For Appellee: *Major John T. Meixell* (argued); *Colonel R. R. Boller, Major Ted B. Borek* (on brief); *Captain Richard P. Laverdure.*

## OPINION OF THE COURT

COOK, Judge:

Tried by special court-martial, the accused was convicted, despite his pleas, of

leaving his place of duty,[1] disobedience of an order of a non-commissioned officer, using provoking words, and communicating a threat, in violation of Articles 86, 91, 117, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 917, and 934, respectively. The approved sentence extends to a bad-conduct discharge, confinement at hard labor for 6 months, and forfeiture of $299 pay per month for 6 months. The United States Army Court of Military Review affirmed in a short-form opinion. We specified the following issue:

> DID THE MILITARY JUDGE ERRONEOUSLY RESTRICT THE ACCUSED'S RIGHT TO CIVILIAN COUNSEL?

We now decide that he did not and affirm.

The accused was informed of the charges on November 2, 1979, and he first contacted his appointed defense counsel, Captain Lee, on November 5, 1979. At the first pretrial hearing in the case pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a), Captain Lee acknowledged that he had advised the accused of his right to counsel in accordance with Article 38(b), UCMJ, 10 U.S.C. § 838(b). Thereafter, the military judge further explained those rights to the accused as required by *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969). During this advice, the military judge informed the accused that he had "a second right to counsel" who "is known as an Individual Counsel." This "Individual Counsel" might "be either a civilian lawyer . . . provided by . . . [the accused] at no expense to the government, or" he might be "an individual military counsel whom . . . [the accused] might select" and who would represent the accused at no cost to him. At this point, the colloquy revealed:

MJ: Do you wish to be represented by Individual Counsel in your case?

ACC: I'd like to find out how much a lawyer costs, you know, in town, in Fayetteville.

MJ: Have you discussed this with Captain Lee?

ACC: I will, sir. I will, Your Honor.

MJ: Have you?

ACC: No. No, Your Honor. I don't think I have enough money, Your Honor.

The military judge then gave the accused some time to discuss the matter with detailed defense counsel. Defense counsel responded:

DC: My client has indicated that he desires at least to have the opportunity to contact a civilian attorney and to try to make arrangements for the procurement of his services.

After further inquiry of both the accused and counsel, the military judge concluded:

MJ: Well Private Montoya, what I've said about your rights with respect to counsel is true. I don't want to give you the idea that I'm taking any of that back. However, I do want to tell you that you do have an obligation, first of all to make up your mind about this in a timely fashion and second, to do what is necessary to accomplish your desires in a timely fashion. Now I've been asked to, by Captain Lee on your behalf, to further delay any proceedings in this case so that you can go ahead and try to obtain a civilian attorney. Now is that your decision?

ACC: Yes, Your Honor.

MJ: And you said you wanted to find out whether you had the funds to do so?

ACC: Yes, Your Honor.

MJ: Or could make the necessary arrangements to have a civilian attorney represent you. What do you have in mind? Do you have any particular individual in mind?

ACC: Not really, Your Honor. I don't know too much about no attorneys in Fayetteville.

MJ: What is your financial situation at the present time?

ACC: I've got $163.00.

1. SCMO 2, dated 5 Feb. 80, erroneously reflects that the specification of this offense was dis- missed.

Appointed defense counsel intervened to inform the military judge that other members of the accused's family were employed and might be able to assist him financially.

After discussing with counsel their schedules for the next week and his own docket, the military judge granted a five-day continuance until the morning of November 26, 1979, to give the accused time to make the necessary arrangements for obtaining civilian counsel. He set a prospective date of November 30 for trial on the merits.

The pretrial hearing reconvened on November 26, and the military judge asked the accused "what arrangements . . . [he had] made or what decisions . . . [he had] made with respect to counsel." The accused responded that he had contacted a local civilian lawyer who had requested a fee of $1,500.00. The accused did not have that much money, but he had contacted his father, who was trying to obtain the money. The accused also raised the possibility of finding another attorney for a lesser fee, but he had not pursued that course of action. A further continuance was requested to allow the accused either to obtain the money or find another attorney. Defense counsel offered to call the accused's father to see how much money he could raise. A short recess was given for this purpose.

Approximately two hours later, defense counsel informed the military judge:

DC: Yes, Your Honor, I have had the opportunity to contact Mr. Montoya. At this point, the defense would not be requesting any further delay in the proceedings. However, we would ask that the court or I would like to make the court aware of the fact that Private Montoya will continue to seek the assistance of a civilian defense counsel. I have spoken with his father with regard to financial arrangements and his father is continuing to drive on with his efforts to raise money in assisting his son in obtaining a civilian defense counsel. Your Honor, in the event or in any event really, Private Montoya has submitted a request for Individual Defense Counsel. I have marked it as

Appellate Exhibit I and ask that it be attached to the record of trial.

The requested individual military counsel, Captain Allan, was, at that time, at the counsel's table. The military judge again reviewed with the accused his right to counsel. In pertinent part, he said:

MJ: Now you still have a second right to counsel. That is the right to be represented by what we call an individual counsel. Individual counsel can mean a civilian lawyer which would be provided at no expense to the government or an individual military counsel. Now an individual military counsel would be someone in the military service other than Captain Lee who you would select by name. Such a person would represent you free of cost. Now if you decide to use an individual counsel, whether it be civilian or military, Captain Lee may be kept on the case to assist your new counsel or he could be excused, whichever you want. Do you understand that?

ACC: Could you repeat that again, Your Honor?

MJ: Yes. Yes, you have—aside from the detailed counsel, you have a second right to counsel. That's the right to an individual counsel and this individual counsel can be a civilian lawyer who you would provide at no expense to the government, or it might be or it could be an individual military counsel. Now an individual military counsel is a lawyer or someone in the military other than Captain Lee in this case since he's your detailed counsel who you would ask for by name, individually. Now individual military counsel would serve you free of cost, and if you decide to use an individual counsel, military or civilian, Captain Lee could be kept on the case to work with your individual counsel or he could be excused from the case, participate no further, and that decision is up to you with respect to Captain Lee.

ACC: Your Honor?

MJ: Pardon me?

ACC: Your Honor, could I say something, Your Honor?

MJ: Yes.

ACC: I want Captain Lee to be my chief lawyer in my case.

MJ: Yes.

ACC: And I want Captain Allan to assist him in anyway he can.

MJ: As your individual military counsel?

ACC: Yes, Your Honor.

MJ: Do you understand then what I've said here about counsel?

ACC: Captain Lee recommended Captain Allan to me.

MJ: Yes, but do you understand what I've explained to you about counsel?

ACC: Yes, Your Honor.

MJ: Okay. Now let me explain something further. Your right to individual counsel is a right which extends only to one or the other, either an individual military counsel or an individual civilian counsel. While you do have a right to have both an individual counsel and a detailed counsel, you do not have a right to have both an individual military counsel and an individual civilian counsel. Do you follow that?

ACC: Yes, Your Honor.

MJ: Now if you choose to have Captain Allan represent you as your individual counsel to work on your case with Captain Lee, then you no longer have the right to request an individual civilian counsel. So if you go ahead—now, you are at liberty if you have both Captain Lee and Captain Allan representing you, on your own to seek to have a civilian attorney also.

ACC: All three of them, Your Honor?

MJ: Yes, nobody is going to stop you from trying to hire a civilian attorney. Now he may or may not be able to participate actively in your trial.

ACC: The civilian lawyer?

MJ: That's right. That would be up to me to decide. You have no right to have him come in and participate in your trial if Captain Allan represents you as your individual counsel because you have a right only to one individual counsel.

. . . . .

MJ: Let's—what I want to do is to get it straight what Private Montoya wants first of all with respect to counsel, and I'm just not going to issue any hypothetical rule because we could be doing that all day.

DC: I realize that, Your Honor. The solid factual situation that is here before the court is that he would like to have two defense counsel present during his trial by court-martial and that he is not foreclosed at this point from seeking civilian counsel.

MJ: Nor at any other point.

. . . . .

ACC: I want Captain Allan to represent me as my attorney in this case and I still am seeking a lawyer from off-post, a civilian lawyer, Your Honor. Financially, you know, my father is—there's a possibility that he can come up with the money. He's trying in—he's trying in every way to come up with the money and I feel you know, I still want to seek out the opportunity.

MJ: Well, let me make this point clear that I was talking about. You have the rights that I have explained. The right to a detailed counsel and to an individual counsel. Now if you—your right to an individual counsel is only to one individual counsel.

ACC: Captain Lee, Your Honor?

MJ: No, no, no, I'm talking about individual counsel. Captain Lee is your detailed counsel. You have the right to have him represent you. Now either in addition to him or instead of him, whichever you choose, you can also have—you have a right to one additional lawyer, a second lawyer. Your right to have a second lawyer represent you may be—and it's your choice, a right to have a civilian counsel or a right to have an individual military counsel.

ACC: Could you repeat that please, Your Honor, I was thinking about something.

272

MJ: Well try to think about what I'm saying as we go along here. This is a little bit—can be somewhat complicated so you'll have to pay attention. First of all, you have the right to have Captain Lee represent you. That's true whatever else happens. Secondly, you have the right to be represented by one more lawyer than Captain Lee, a second lawyer, a second counsel. Now that second counsel can be either a military lawyer such as Captain Allan, or a civilian lawyer. Now if you select an individual lawyer, an individual counsel in addition to Captain Lee, that's the end of your rights. Whatever else you do will be your own private affair and whoever else you might retain, whatever attorney you might hire or obtain in any other way would only be able to participate in this case if I made a special ruling to allow him to do so. Now I'm not bound or required ... to let you have three lawyers appear and represent you in this—in your trial. You can get help from anyplace you want, but as far as who appears here in court on your behalf, all the law gives you is the right to have two lawyers. One, your detailed counsel, in this case Captain Lee. Two, an individual counsel who would be either a civilian or a military counsel. Now, if you choose to have Captain Allan represent you as your individual counsel, then I am not required to delay the trial, if I decide that it would be otherwise appropriate to do so, nor am I—in order for you to have a civilian counsel, nor if you get one, a civilian lawyer, you already have Captain Lee and Captain Allan, I am not required by the law to allow a civilian counsel to appear in court. Do you understand that?

ACC: Yes, sir. Yes, Your Honor, I understand.

MJ: Okay, so if you choose Captain—well, let's see, you've already chosen Captain Lee. If you choose Captain Allan as your individual counsel, your trial may go ahead whether or not you have a civilian counsel and even if you do have a civilian counsel, he may not be able to appear here at your trial? Do you follow that?

ACC: Yes, Your Honor.

MJ: Now understanding all of that and understanding that this is something that you may or may not be able to do and I'm not going to tell you in advance because we get into all sorts of guessing games as to what might happen. Back to Appellate Exhibit Number I there, that request for counsel. Is it your desire that Captain Allan represent you as individual counsel?

ACC: Yes, Your Honor.

MJ: Alright. Do you have any questions at all about this matter of counsel that I could explain before we go on?

ACC: Yes, Your Honor, I have a couple of questions. Captain Lee's going to be my—what's the name of——

MJ: He's the detailed counsel.

ACC: He's the chief?

MJ: Well if you want him to be in charge of your defense, then chief counsel is as good a term as any I suppose.

ACC: And Captain Allan will be the detailed lawyer?

MJ: No, he is the individual counsel, specifically, he's an individual military counsel and that's the term we use for a person in his position. His relationship with Captain Lee, again, is up to you. If you want Captain Lee to be in charge of your defense, well then I presume that, unless anybody else has a problem with that, he would do so and Captain Allan would assist him. You can have it anyway you want. You can have Captain Allan in charge of your defense and Captain Lee assisting. The relationship between your two counsel, unless they have some problem with it, is your decision.

ACC: Is it alright if I talk to them about it, Your Honor?

MJ: Sure, go ahead.

.        .        .        .        .

ACC: Okay, I want the two, Captain Allan and Captain Lee to represent me.

.        .        .        .        .

MJ: Okay. And do you understand that you may not be able to have a civilian attorney appear for you in addition to that?

ACC: Yes, Your Honor. Could I ask you a question?

MJ: Yes.

ACC: It wouldn't be possible that you could delay no more, right, the court no more?

MJ: Well I've told you that I'm just not in a position to answer that question at this point. I'm going to put it in—I'm going to put you in the position of having to answer the question first, whether you want—who you want to represent you and if you have any further requests beyond that, we'll take them up after you've made that decision. Now you've just told me that you want Captain Lee and Captain Allan. If that is your decision, then we'll take up any further requests, but you must understand that once you have made that decision, your further requests are just that, they are not rights that you may have. I am not required to grant further requests of the nature that we have discussed with respect to counsel. I am not required to delay the trial nor am I required to let another lawyer come in and appear in court, and I may or may not, depending on the circumstances, I'm just not going—I'm not trying to tantalize you or hold you up on a string. It's just that we have to go through this in an orderly sort of procedure. So are you in a position now to make your final decision?

ACC: Yes, Your Honor.

MJ: Okay, tell me what that is?

ACC: I want to represented by these two lawyers, Captain Lee and Captain Allan.

MJ: Alright, that request is granted. Captain Lee will continue to represent you as your detailed counsel. Captain Allan, you are available I take it by your presence, is that correct?

IDC (CPT ALLAN): Yes, Your Honor, I am.

MJ: Okay, so Captain Allan will serve as your individual counsel in this case. Now that we have your representation settled, I'll entertain any other requests with respect to counsel. Captain Lee, do you want to be heard? Do you want to talk at this point now that we know where we are about the future events?

DC: No, Your Honor, it wouldn't be—I don't think we should take court time to discuss it now since we are still talking in a vacuum. However, I would ask leave of court to be allowed at least on the morning of trial, if there are changes in the circumstances, to be able then to speak on the issue of counsel, if there are any issues to be raised.

MJ: Alright, let's leave it this way—you be prepared as the defense team to proceed to trial and if there, for instance, should Private Montoya retain a civilian attorney and there should be some request that he be allowed to participate in the trial or that the trial be delayed in order to allow him to either do that or participate in the preparation or for some other purpose, we'll take that up at that time.

DC: Yes, Your Honor.

MJ: Now I want to be sure that everyone is prepared to go ahead because I'm, you know, I'm certainly not predicting that that will be done and there's a—while I haven't made a decision about something that hasn't come up, there's the distinct possibility that my ruling would be no, we will proceed.

DC: Yes, Your Honor. The defense will be prepared. The defense as constituted will be prepared to go on Friday. Your Honor, there were several defense motions that——

Apparently having settled the matter of counsel, the judge continued the pretrial hearing through the reading of the charges. Defense counsel requested deferment of the entrance of any plea pending litigation of motions. The military judge then explained the significance of the arraignment in the event the accused should voluntarily absent himself from future sessions of the

**274**

trial without good reason. The accused stated that he was "not going AWOL."

Further hearings were held without the members on November 26 and 27, at which the accused was represented by Captains Lee and Allan. There was no mention of obtaining civilian counsel. Finally, the court reconvened with the anticipation of going to trial on the merits, and the accused could not be located. After hearing testimony that the accused had absented himself voluntarily without authority, the trial proceeded to conclusion.

Appellate defense counsel assert that while the initial advice regarding rights to counsel was adequate, the military judge's subsequent advice as to the options available to the accused was misleading because it appeared to foreclose the possibility of having a civilian attorney participate in the proceedings. We disagree.

In *United States v. Jordan*, 22 U.S.C.M.A. 164, 46 C.M.R. 164 (1973), we construed Article 38(b) as conferring two options upon the accused as to personal selection of available counsel:

> One option is to select civilian counsel at his own expense, and excuse or retain the appointed defense counsel as "associate counsel." The other option is to have individual military counsel free of charge, and excuse or retain appointed defense counsel as associate counsel.

*Id.* at 166, 46 C.M.R. at 166.

We rejected the assertion that the article "would permit the trial judge 'to refuse to allow a civilian lawyer to . . . defend an accused who was already represented by an individual military counsel.'" *Id.* An accused can always discharge his attorney, but if he desires to substitute another attorney for the one discharged, his right is qualified in "that the request for substitution of counsel cannot impede or unreasonably delay the proceedings." *Id.* at 167, 46 C.M.R. at 167. Thus, the military judge can deny a request for continuance if the delay sought for that purpose is unreasonable. *Id., citing United States v. Ki-*

*nard*, 21 U.S.C.M.A. 300, 45 C.M.R. 74 (1972). The opinion continued:

> Consequently, an accused who decides to retain civilian counsel on the day of trial may properly be denied a continuance if the delay is unreasonable. In that event, it is not Article 38(b) that would require the accused to proceed without civilian counsel, but his own procrastination.

We concluded:

> Absent a request for substitution of appointed defense counsel, and represented by both civilian counsel and at least one appointed military lawyer, the accused's desire for another individual military counsel would indeed be a privilege. There is no constitutional provision for, and no reason in logic or sound practice to justify, appointment of a third lawyer for the trial merely because the accused desires one.

*United States v. Jordan, supra* at 167, 46 C.M.R. at 167; *see United States v. Jorge*, 1 M.J. 184 (C.M.A.1975).

It is clear that there are two situations which must be resolved:

(1) The right of the accused to select civilian counsel of his own choosing and at his own expense; and,

(2) The time of the exercise of that right in terms of the orderly progression of the trial.

As to the former, the military judge cannot foreclose the exercise of the accused's unfettered choice to select a civilian counsel at any time during the trial. However, the exercise of that right cannot operate to unreasonably delay the progress of the trial. The military judge's advice seems to confuse these two propositions. We recognize that part of the military judge's advice could be interpreted as limiting the exercise of the accused's choice to select civilian representation in addition to his appointed and individual military counsel. To the extent that the advice seems to make the acceptance of the appointment of individual military counsel as excluding the further selection of civilian counsel by the

accused, the advice is in error.[2] However, in light of his repeated refusal to make "hypothetical" rulings, the military judge never did foreclose the possibility of having a civilian attorney participate in the proceedings. What he did rule was that he would grant no further delays in order for the accused to attempt to secure civilian counsel and to obtain the money necessary to retain him. In fact, the last advice given was clearly that, should the accused obtain a civilian attorney and request that he be allowed to participate in the trial or that the trial be delayed in order to allow him to either do that or participate in the preparation or for some other purpose, he would take that up at the time the request was made. Hence, read in context of the entire advisement, which was given over a several-day period, we find no abrogation of the accused's right to have civilian counsel if he could make the necessary arrangements.[3] In any event, no further request was made to change the counsel arrangements then in effect. Since the accused voluntarily absented himself during the trial, we need not speculate as to what action the military judge might have taken had the accused made such a request.

Finding no error prejudicial to the substantial rights of the accused, Article 59, UCMJ, 10 U.S.C. § 859, we affirm the decision of the United States Army Court of Military Review.

Chief Judge EVERETT and Judge FLETCHER concur.

2. That portion of Article 38(b), Uniform Code of Military Justice, 10 U.S.C. § 838(b), pertaining to excusal of counsel concerns the accused's right, upon obtaining "counsel of his own selection," to have appointed defense counsel "act as his associate counsel; otherwise they shall be excused by the military judge." This in no way affects the accused's right to civilian counsel or military counsel of his own selection.

3. We note that detailed defense counsel expressed some concern as to the propriety of recommending a specific counsel to appellant or calling counsel in the area on behalf of appellant for the purpose of ascertaining the fee which they would charge for representing him. The military judge correctly observed that there was no ethical violation for providing such a service to his client. See para. 46d, Manual for Courts-Martial, United States, 1969 (Revised edition); ABA Standards, The Defense Function 2–3(c) (1971); ABA Code of Professional Responsibility, EC 2–8; DR2–103(A), (D)(2).