UNITED STATES

v.

Airman First Class Douglas T. LAMBERT, FR 322–54–9676 United States Air Force.

ACM 24021.

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 March 1983.

Decided 18 Nov. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kevin L. Daugherty.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION

FORAY, Senior Judge:

The accused was convicted, contrary to his pleas, by a general court-martial consisting of a military judge sitting alone of numerous offenses in violation of Articles 121 and 123, 10 U.S.C. §§ 921, 923, Uniform Code of Military Justice. The sentence extends to dishonorable discharge, confinement at hard labor for 2 years, total forfeiture, and reduction to the grade of airman basic.

Charges were preferred against the accused on 9 November 1982 and were forwarded by the accuser with a recommendation for trial by general court-martial. An investigation pursuant to Article 32, Uniform Code of Military Justice was duly conducted and the charges were ordered tried by general court-martial on 7 January 1983. The initial scheduled trial date of 20 January 1983, was continued at the request of the appointed trial defense counsel. A new trial time of 24 February 1983 was established by the military judge. That trial date was further continued until 24 March 1983, at the request of the trial counsel.

Trial began 24 March 1983, and during the initial session conducted pursuant to Article 39(a), 10 U.S.C. § 839(a), Code, *supra,* the military judge advised the accused of his right to counsel. *United States v. Donohew,* 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969); Article 38(b), Code, *supra.* The accused acknowledged his understanding and when asked by whom he wished to be defended he expressed his desire to be represented by a named individual military counsel and to have his appointed counsel ex-

cused from further participation in the case. Trial defense counsel followed with a move for another continuation of the trial until approximately 18 April 1983, the ostensible availability date of the requested counsel. The military judge denied the motion for further continuance and the trial proceeded to conclusion.

Among the errors claimed appellate defense counsel contend:

THE MILITARY JUDGE ERRED BY DENYING THE APPELLANT THE OPPORTUNITY TO OBTAIN INDIVIDUAL DEFENSE COUNSEL.

We will now examine those matters which were before the military judge relevant to the motion for continuance in order to determine the correctness of his ruling thereon.

The accused first indicated his desire to be represented at trial by an individually named military defense counsel on 23 March 1983. In the morning of that day he communicated his desire to his appointed defense counsel who, in turn, notified in writing the individual counsel's immediate superior and the convening authority of the accused's request. The trial counsel and military judge were similarly notified. The individual counsel's immediate superior determined that counsel to be unavailable for trial on 24 March 1983. The record of trial is devoid of any appeal taken by the accused regarding that determination. Manual for Courts-Martial, 1969 (Rev.Ed.), paragraph 48b(4).

The accused made firm his decision to request counsel by name approximately two weeks prior to trial. This was at a time when his appointed counsel was performing temporary duty at another installation and the accused apparently made no effort to communicate his desire to him. The appointed defense counsel was present for duty at his home base on 21 March 1983.

The accused had received a complete advisement of his right to counsel several times prior to trial beginning as early as 9 November 1982. He acknowledged both receiving and understanding the advice. He also indicated he had not entered into any attorney-client relationship with the requested counsel nor had he talked "directly" with him. The accused's appointed counsel acknowledged he had sufficient time to prepare the defense case and was ready to proceed with the trial on 24 March. This representation was more than adequately borne out at trial by counsel's performance.

Trial counsel was likewise ready to proceed with trial on 24 March and offered opposition to any further continuation of the case. He had arranged to have approximately 18 military and civilian witnesses available to testify concerning the 19 separate offenses alleged against the accused. Four of the military witnesses came to Lowry Air Force Base from bases located in the states of New York, New Mexico, North Carolina, and Alaska. It is noted that the prosecution had to marshal 28 documentary exhibits in order to perfect the case against the accused. Trial proceedings began 0935 hours, 24 March, and concluded 1606 hours, 25 March.

Article 38(b), 10 U.S.C. § 838(b), Code, *supra,* guarantees an accused the right to be represented in his defense before a general or special court-martial by military counsel of his own selection if that counsel is reasonably available. Manual for Courts-Martial, *supra,* paragraph 48b(1). In *United States v. Vanderpool,* 4 U.S.C.M.A. 561, 16 C.M.R. 135 (1954), the Court of Military Appeals discussed an accused's statutory right to a military counsel of his or her own choice and said:

It is thus apparent that the right to military counsel of an accused's own selection is not an absolute right granted him, but is subject to the exigencies and practicalities of whatever situation may obtain at the time. Of course, the right to choose counsel in the first instance may not be insisted on in such a manner as to obstruct either other important operations of the service concerned or the orderly administration of military justice.

*United States v. Ettleson,* 13 M.J. 348 (C.M. A.1982); *United States v. Montoya,* 13 M.J. 268 (C.M.A.1982).

Having determined that an accused's right to be represented by a military counsel of his choosing is not absolute we now must determine whether the military judge under the facts of the case before us properly denied the accused a continuance to obtain representation of his own selection.

■ The granting or denying of a motion made at trial for a continuance lies within the sound discretion of the military judge. The denial of such a motion will result in reversal upon appellate review where a reasonable delay has been refused and then only if substantial prejudice to the accused results. *United States v. Menoken,* 14 M.J. 10 (C.M.A.1982); *United States v. Kinnard,* 21 U.S.C.M.A. 300, 45 C.M.R. 74 (1972); *United States v. Potter,* 14 U.S.C.M.A. 118, 33 C.M.R. 330 (1963).

■ The facts which were before the military judge and upon which he based his ruling denying the accused's motion for a continuance, clearly convince us that his decision was correct. To have ruled otherwise, in our opinion, would have impeded or unreasonably delayed the proceedings. *United States v. Vanderpool; United States v. Ettleson; United States v. Montoya,* all *supra.*

■ Citing *United States v. Harville,* 14 M.J. 270 (C.M.A.1982) and *United States v. Hayes,* 8 U.S.C.M.A. 627, 25 C.M.R. 131 (1958), appellate defense counsel also argue that while the accused obtained the advance pay by using forged documents, there was no "criminal intent" as he did so with the complete expectation that his military pay account would be debited and he would have to repay the full amount of the advance pay. Therefore, the required *mens rea* was missing.

This is a novel but unconvincing argument. We are unaware of any rule of law that allows forged documents to be used to create a "debtor-creditor" relationship. A servicemember cannot obtain advance pay just for the asking—it must be approved. Here, when the accused was unsuccessful in getting the advance pay he forged the documents he needed. Further, the record

clearly establishes that the accused was not entitled to advance pay in the amounts he received. There is compelling evidence of the necessary criminal intent. *Accord United States v. Roard,* 12 U.S.C.M.A. 478, 31 C.M.R. 64 (1961); *United States v. Bastian,* 47 C.M.R. 203 (N.C.M.R.1973); *see also United States v. Mraz,* 2 M.J. 266 (A.F.C.M. R.1976).

■ The military judge ruled, for punishment purposes, that the forgery allegations were multiplicious with the corresponding larceny and wrongful appropriation specifications. Citing *United States v. Baker,* 14 M.J. 361 (C.M.A.1983), appellate defense counsel contend that the forgeries committed by the accused were a part of his effort to obtain the monies which were the subject of the larceny and wrongful appropriation offenses. He seeks to have the forgery specifications dismissed.

Applying the guidelines that Chief Judge Everett set out in *United States v. Doss,* 15 M.J. 409 (C.M.A.1983), we see no basis to grant the relief sought. Larceny and forgery are not identical crimes, one is not a lesser included offense of the other, and the conviction on either does not involve inconsistent findings of fact. In our view, neither is multiplicious for findings with the other. The accused's sentence was not enhanced because the trial judge treated the offenses as multiplicious for punishment. Finally, we again state our position that there is no logic to cleansing an accused's record on appeal of offenses that he committed and was properly convicted of. *United States v. Batchelor,* 16 M.J. 711 (A.F.C.M.R.1983); *United States v. Anglin,* 15 M.J. 1010 (A.C.M.R.1983).

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

MILLER, Judge concurs.

HODGSON, Chief Judge (dissenting):

An accused's right to secure representation by military counsel of his own choice, if reasonably available, is mandated both by the Code and the Manual. *See* Article

38(b), U.C.M.J., and paragraph 48, M.C.M., 1969 (rev.). It is a substantial right and where it is improperly denied, it amounts to a violation of due process.

The accused's desire for individual defense counsel arose when the trial judge informed the accused of his right to counsel:

MJ: Airman Lambert, by whom do you wish to be defended by?

ACC: Sir, Your Honor, I'd like to be defended by Captain A from Peterson Field, sir.

MJ: You wish Captain A as individual defense counsel?

ACC: Yes, Your Honor.

\* \* \* \* \* \*

MJ: Let me ask this, Airman Lambert, is it your desire that the detailed defense counsel, Captain L, be excused from any further participation in this case or is it your desire that Captain L remain on the case and that Captain A be detailed as individual defense counsel?

ACC: Your Honor, I'd like for Captain L to be totally excused from the case.

MJ: And when did you make that decision?

ACC: The decision was made about two weeks ago, Your Honor, but at the time Captain L was on TDY leave. And as we progressed this past week and overlooking the material that we had in reference to this particular court, this trial, my confidence in Captain L was pretty much reassured that I wanted to get a different defense attorney. I realize it is a timely situation and I apologize for the untimeliness of the request, but I would like to have another representative, sir. Captain L has done his best, I'm sure, but I think that because Captain A, he's, from what I've heard, a good lawyer and very experienced. I think maybe he can help me a little bit more, sir.

As can be seen the accused was unable to tell Captain L of his desire to change counsel due to the latter's absence from the base. Captain A, the requested individual defense counsel, was the Area Defense Counsel at Peterson Air Force Base, Colorado which is approximately 50 miles from the trial site. Since Captain A was not available on 24 March 1983, the day the trial began, the accused sought a continuance until Captain A would be available which was established to be the third week in April. Thus the delay in starting the trial would be in the neighborhood of 25 days. The Government opposed the continuance stating that "To delay the trial at this point would cause considerable hardship to certain government witnesses and would entail an additional large expenditure of government funds." The military judge, after hearing argument, denied the continuance and directed that Captain L continue to represent the accused.

If the accused's request for a continuance is grounded on a substantial right and where the prosecution's only basis for opposition is administrative inconvenience, its denial may constitute an abuse of discretion. *United States v. Perry,* 14 M.J. 856 (A.C.M.R.1982). As the majority opinion correctly observes the granting or denying of a motion for a continuance is a matter within the sound discretion of the trial judge whose decision will not be disturbed on appeal unless that discretion has been clearly abused. *United States v. Thomson,* 3 M.J. 271 (C.M.A.1977); *United States v. Henry,* 1 M.J. 533 (A.F.C.M.R.1975). The facts and circumstances of each situation giving rise to the need for a continuance must be carefully weighed.

In the case at bar the accused expressed a serious lack of confidence in his appointed counsel and requested, as individual defense counsel, an attorney stationed only 50 miles away who would be available in a little over three weeks. The right the accused asserted is substantial, *United States v. Donohew,* 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), and appeared to have been made in good faith; there is no indication it was claimed solely to vex the prosecution. The accused asked for a named attorney who would be available within a reasonable time. I am unwilling to say that the purpose for which the

delay was sought was unreasonable. As the Court of Military Appeals stated in *United States v. Ettleson*, 13 M.J. 348 (C.M.A.1982), Congress did not intend for Article 38(b), *Code, supra* to be given "grudging application." On the facts of this case I would hold that the trial judge abused his discretion by not granting a continuance so that the accused could be represented by a military counsel of his choice. *United States v. Furgason*, 6 M.J. 844 (N.C.M.R.1979). The trial would have not been unreasonably delayed. *See United States v. Montoya*, 13 M.J. 268 (C.M.A.1982). I would set aside the findings of guilty and the sentence and order a rehearing.