UNITED STATES

v.

**Captain Ellis C. STEVENS, III, 422–86–8995 FV United States Air Force.**

**ACM 26080.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 10 Jan. 1987.

Decided 17 Oct. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Deborah A. Baker.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Jeffrey H. Curtis.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

**HODGSON, Chief Judge:**

█ It is a fundamental principle of military due process that a servicemember be afforded a reasonable opportunity to be represented by counsel of his choice. However, the right to counsel of one's choice is not as absolute as is the right to the assistance of counsel. *United States v. Mitchell,* 777 F.2d 248 (5th Cir.1985). Further, when a continuance is sought to retain counsel, the right to select a particular attorney must be balanced against the public's interest in the orderly administration of justice. *Urquhart v. Lockhart,* 726 F.2d 1316 (8th Cir.1984). The case before us requires that we weigh the competing interests of each side.

On 23 April 1986, the appellant was charged with two allegations of indecent assault with 16 September ultimately being set as the trial date. The defense asked for and obtained a second trial date of 9 October. However, before the trial on the initial charges began, additional allegations of rape and conduct unbecoming an officer as the result of the appellant's behavior toward the wife of an enlisted member were preferred. A third trial date was scheduled for 27 October and a fourth for 20 November.

On 14 November, the appellant retained a civilian attorney who appeared on 20 November and requested a trial delay until 9 February 1987, because an earlier trial date would conflict with his very busy law practice.* The trial judge granted a continuance until 9 January 1987, at which time the appellant renewed his request for a delay until 16 February so that his civilian counsel might represent him. The request was denied, and the trial proceeded with the appellant being defended by his appointed military counsel. Contrary to his pleas, the appellant was convicted in a bench trial of indecent assault and conduct unbecoming an officer and was acquitted of the rape allegation. The approved sentence extends to a dismissal, confinement for 47 days, and the forfeitures of $1,627.00 per month for 12 months.

Appellate counsel argue that the appellant was denied due process when the trial judge refused to grant him a continuance that would permit his civilian counsel to represent him.

█ It is apparent from this transcript that the appellant sought the professional services of a busy and successful practitioner who was unavailable for employment at the time the appellant's trial was scheduled. As an attorney, this individual has the right to select or reject clients and manage his obviously busy trial docket as he sees fit, subject to the concurrence of the trial judge. The fact that an attorney is professionally engaged elsewhere does not give rise to an absolute right of a continuance and a denial of such a request "rests within the sound discretion of the military judge and will not be overturned except for a clear abuse of that discretion." *United States v. Menoken,* 14 M.J. 10 (C.M.A.1982).

█ Matters to be considered by the trial judge in granting or denying a continuance to resolve a scheduling conflict include the number and length of previous continuances, whether an additional continuance would inconvenience witnesses, opposing counsel or the court, and whether the delay would prejudice the accused. *United States v. Studley,* 783 F.2d 934 (9th Cir.1986); *United States v. Lambert,* 17 M.J. 773 (A.F.C.M.R.1983); *pet. denied* 18 M.J. 127 (C.M.A.1984); *see also* R.C.M. 906(b)(1). Here we note that appointed military counsel stated he was ready for trial, and his skillful and able defense of the appellant clearly indicated he was.

On the facts before us we find no basis to overturn the trial judge's ruling denying the continuance. *United States v. Garries,* 19 M.J. 845 (A.F.C.M.R.1985); *aff'd* 22 M.J. 288 (C.M.A.1986); *cert. denied* 479

---

* The civilian practitioner indicated that his upcoming trial docket included approximately 11 jury trials (including three murder trials), 25 pretrial conferences, two pretrial hearings, two arraignments, two pronouncements of judgment, one civil motion hearing, seven assignment calendar calls, and one deposition.

U.S. 985, 107 S.Ct. 575, 93 L.Ed.2d 578 (1987); *United States v. Lambert, supra; United States v. Hampton,* 50 C.M.R. 5311 (N.C.M.R.1975); *United States v. Griffiths,* 18 C.M.R. 354 (A.B.R.1955); *accord United States v. Sullivan,* 26 M.J. 442 (C.M.A.1988). The remaining assigned error is resolved against the appellant. *United States v. Higgins,* 27 M.J. 150 (C.M.A.1988).

One additional matter requires discussion. Our examination of the record discloses that the approved forfeitures are excessive. *See* Air Force Regulation 111–1, *Military Justice Guide,* para. 7–11 (1 Aug. 1984). We will correct this in our decretal paragraph.

For the reasons stated the findings of guilty and only so much of the sentence as provides for a dismissal, confinement for 47 days, and forfeiture of $1,490.00 per month for 12 months are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.