**UNITED STATES, Appellee,**

v.

**Melvin M. BROWN, Staff Sergeant U.S. Air Force, Appellant.**

No. 57,339.

ACM S27117.

U.S. Court of Military Appeals.

Aug. 1, 1988.

For Appellant: *Major Charles E. Ambrose, Jr.,* USAFR (argued); *Colonel Leo L. Sergi* and *Captain Henry J. Schweiter* (on brief).

For Appellee: *Major Kathryn I. Taylor* (argued); *Colonel Joe R. Lamport* and *Lieutenant Colonel Robert E. Giovagnoni* (on brief); *Lieutenant Colonel Morris A. Tanner, Jr.* and *Lieutenant Colonel Barret E. Kean,* USAFR.

PER CURIAM:

In this Court, Brown appeals from his special court-martial conviction for a single use of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a, contending that the military judge erred to Brown's substantial prejudice by failing to instruct the members that his use must have been knowing and conscious. He is correct.

The prosecution's case in this contested trial rested almost entirely on positive results of a urinalysis; there was no testimony at all from anyone who saw appellant use marijuana. Contrariwise, appellant strongly denied ever consciously using marijuana, and his testimony was corroborated by several other witnesses and by evidence of his good military character and of his character for truthfulness.

With the evidence in this posture, the military judge's instructions on the elements of the offense unfortunately were limited to the following:

> You may find the accused guilty of the offense only if you are convinced as to guilt by legal and competent evidence beyond a reasonable doubt as to each and every element of that offense.

> In the Specification the accused is charged with the offense of use of marijuana. In order to find the accused guilty of this offense, you must be convinced by legal and competent evidence beyond a reasonable doubt:

> First, that somewhere within the customs territory of the United States, on or about 4 June 1985, the accused used marijuana.

> Second, that the use by the accused was wrongful.

> To be punishable under Article 112a, use of a controlled substance must be wrongful. Use of a controlled substance is wrongful if it is without legal justification or authorization. Use of a controlled substance may be inferred to be

wrongful in the absence of evidence to the contrary; however, drawing that inference is not required.

If you find beyond a reasonable doubt that the substance was marijuana, you are further instructed that marijuana is a controlled substance under the laws of the United States. This has reference to my earlier instruction to you on judicial notice, and 21 USC 812 as you have in evidence before you.

In *United States v. Mance*, 26 M.J. 244 (C.M.A. 1988), we held that, "[u]nder our interpretation of Article 112a, knowledge of the presence of the substance is a component of 'possession' and of 'use.'" *Id.* at (253). Moreover, we ruled that "[t]he element of 'wrongfulness' in charges of drug possession or use involves a different type of 'knowledge'—namely, knowledge of the character of the substance involved." *Id.* at (254). Accordingly, because a "military judge has an obligation to advise the court members of each element of any offense with which the accused is charged or which is included therein," we stated:

We conclude that, to be complete, an instruction on wrongful possession or wrongful use of controlled substances should include specific reference to the two types of "knowledge" which are required to establish criminal liability.

*Id.* at (254).

There, the military judge instructed the members that "'[u]se of a controlled substance is not wrongful if it was done with-out the knowledge of the contraband nature of the substance.'" *Id.* at (249). We reasoned that, "[l]ogically, the members could not have concluded that appellant knew the contraband nature of the substance that he had used without being aware that appellant also had to have known that he had ingested the substance." *Id.* at (256). Thus, we affirmed Mance's conviction because the military judge had caused the members to know, either expressly or by indirection, that they must find both that Mance knew of the substance's presence and knew of its contraband nature in order to find him guilty. *See Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

Here, however, the military judge made no mention at all of the need to find any aspect of knowledge in order to convict. As we said in *Mance* at (255–56), "[W]hen a judge *omits entirely* any instruction on an element of the charged offense, this error may not be tested for harmlessness because, thereby, the court members are prevented from considering that element at all."* *See Hoover v. Garfield Heights Municipal Court*, 802 F.2d 168 (6th Cir. 1986). Inevitably, we must conclude that this is such a case.

The decision of the United States Air Force Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered.

---

* Our holding that failure to instruct on an element of an offense is plain error is not inconsistent with *United States v. Fisher*, 24 M.J. 358 (C.M.A. 1987).