**UNITED STATES, Appellee,**

v.

**Staff Sergeant John E. JAMES, 263–23–1696, United States Army, Appellant.**

**ACMR 8800828.**

U.S. Army Court of Military Review.

26 April 1989.

For Appellant: Captain Timothy P. Riley, JAGC (argued); Lieutenant Colonel Russell S. Estey, JAGC, Major Marion E. Winter, JAGC (on brief).

For Appellee: Captain Marcus A. Brinks, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before KANE, GILLEY, and GIUNTINI, Appellate Military Judges.

---

OPINION OF THE COURT

GILLEY, Judge:

On 14 and 15 April 1988, the appellant was tried by a special court-martial composed of officer and enlisted members. Contrary to his pleas, the appellant was convicted of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. The convening authority approved the sentence of a bad-conduct discharge, confinement for three months, and reduction to Private E1.

Citing *United States v. Mance*, 26 M.J. 244 (C.M.A.1988), *certiorari denied*, —— U.S. ——, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988), the appellant asserts that the military judge erred by failing to instruct the members on the element of knowledge required to find guilt of wrongful use of cocaine. The government contends that the appellant is not entitled to relief because of the following language in the *Mance* opinion, "henceforth, in prosecutions for wrongful use or wrongful possession, the military judge should instruct the members '[on knowledge.]'" *United States v. Mance*, 26 M.J. at 256. The government further asserts that such language shows that the knowledge instruction rule set forth in *Mance* is one of prospective application, inviting this court's attention to *United States v. Brown*, 26 M.J. 266 (C.M.A.1988). We disagree with the government for the reasons stated in this opinion.

■ The Court of Military Appeals applied the *Mance* rationale in *United States v. Brown*, without mention of Brown's trial date. The *Brown* opinion was published 1 August 1988, approximately two weeks after the *Mance* opinion. Given that the specification in *Brown* alleged wrongful use of marijuana on or about 4 June 1985, that the Air Force Court of Military Review had previously reviewed and affirmed the findings and sentence, and that the Court of Military Appeals had reviewed and published its opinion in *Brown* and applied *Mance* to the instructional error in *Brown* without concern for or reference to his trial date, we must conclude that the Court of Military Appeals did not limit *Mance* to trials occurring on or after the date of that opinion.

■ Moreover, as a general rule, any change in the law occurring after a relevant event in a case will be given effect while that case is on direct review. *United States v. Starks*, 24 M.J. 857, 858 (A.C.M. R.1987), *petition granted*, 26 M.J. 83 (C.M. A.1988). We acknowledge, however, "the power of an appellate court to make a choice for itself between the principle of forward operation and that of relation backward." *United States v. Carter*, 25 M.J. 471, 477 (C.M.A.1988). Nevertheless, when a constitutional holding is directly involved, "any new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases state or federal pending on direct review or not yet final." *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987).

■ In *United States v. Brown*, 26 M.J. at 267, the Court of Military Appeals, in a footnote, indicated that its decision not to test for harmlessness when a trial judge omits entirely any instruction on an element of the charged offense is based on a finding of plain error. The court also indicated that its conclusion that failure to instruct on an element is plain error is not inconsistent with its finding in *United States v. Fisher*, 21 M.J. 327 (C.M.A.1986), that failing to instruct members to vote on proposed sentences beginning with the lightest was not plain error. In contradistinction, an erroneous instruction on an element that adequately identifies the element and adequately requires that the members find the necessary predicate facts beyond a reasonable doubt does not result in plain error and may also be tested for harmlessness. *United States v. Mance*, 26 M.J. at 256. This test is the same test as that applied for constitutional error, that is, whether the error was harmless beyond a reasonable doubt. *United States v. Mance*, 26 M.J. at 256 n. 3.

In the federal circuits, some instructional errors on essential elements of an offense have been tested for harmlessness, while

others have been considered those constitutional errors to which harmless error analysis does not apply. *See Hoover v. Garfield Heights Municipal Court*, 802 F.2d 168, 175–178 (6th Cir.1986), *certiorari denied*, 480 U.S. 949, 107 S.Ct. 1610, 94 L.Ed.2d 796 (1987). In *Hoover v. Garfield Heights Municipal Court* at 175 n. 9, the court noted that the cases addressing this issue do not distinguish the analysis governing a finding of harmless error from that governing a finding of plain error under Federal Rule of Criminal Procedure 52(b).

█ Further, we agree with the analysis in *Hoover* that omitting an instruction entirely may not be tested for harmlessness because the court members are prevented from considering the element. *United States v. Brown*, 26 M.J. at 267, construed in *Hoover v. Garfield Heights Municipal Court*, 802 F.2d 168 (6th Cir.1986). In *Hoover v. Garfield Heights Municipal Court*, 802 F.2d at 177–178, the Sixth Circuit found that because the jury was not instructed on the element of lawful arrest, it did not find beyond a reasonable doubt every fact necessary to establish every element of resisting arrest. That error was deemed to be a violation of due process and therefore could not be considered harmless error. *Hoover v. Garfield Heights Municipal Court*, 802 F.2d at 178. It appears that under the rationale provided by the Sixth Circuit in *Hoover v. Garfield Heights Municipal Court*, the Court of Military Appeals would not be at liberty to apply the *Mance* decision only prospectively. Under the *Hoover* rationale, a due process violation occurs when the court members are prevented from considering an element because the military judge entirely omitted an element of an offense. In effect, the members would be prevented from finding beyond a reasonable doubt every fact necessary to establish every element of an offense. *Hoover v. Garfield Heights Municipal Court*, at 178. Perforce, a due process violation is an error of constitutional magnitude, and as a result must be applied retroactively to all cases pending on direct review or not yet final. *See Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). *See also United States v. Sims*, 28 M.J. 578, 581 (A.C.M.R. 1989).

Furthermore, we trust that if the Court of Military Appeals had intended to apply *Mance* to trials occurring on or after the date of that decision, it would have explicitly stated this application. *Cf. United States v. Fisher*, 21 M.J. 327, 329 (1986) (instructional error limited to trials occurring on and after date of that opinion); *United States v. Anderson*, 12 M.J. 195, 197 (C.M.A.1982) (prospectively holding that after authentication of the record the military judge shall give notice to all parties on proposed corrections to record of trial).

Here, as in *Brown*, the military judge made no mention of the need to find any aspect of knowledge in order to convict, thereby preventing the court members from considering the two types of knowledge that are required to establish criminal liability for wrongful use of cocaine. *United States v. Brown*, 26 M.J. at 267; *United States v. Mance*, 26 M.J. at 254. Accordingly, the appellant's conviction cannot stand.

Our disposition of the first assignment of error obviates the necessity to address the remaining assignment of error and the appropriateness of the sentence.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge KANE and Judge GIUNTINI concur.