**UNITED STATES**

v.

**Staff Sergeant Jodie M. CANNON, FR206–54–7985, United States Air Force.**

**ACM 29788.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 Nov. 1991.

Decided 28 March 1994.

Appellate Counsel for the Appellant: Colonel Terry J. Woodhouse, Major Mary C. Yastishock, Major Alice M. Kottmyer, and Captain David D. Jividen.

Appellate Counsel for the United States: Colonel Richard L. Purdon, Colonel Jeffery T. Infelise, and Captain Carlos L. McDade.

Before HEIMBURG, PEARSON, and SCHREIER, Appellate Military Judges.

## OPINION OF THE COURT

SCHREIER, Judge:

Contrary to her pleas, a general court-martial composed of officer members convicted appellant of using cocaine based on a positive urinalysis. The approved sentence

is a bad-conduct discharge, confinement for six months, and reduction to E–1. Appellant asserts three errors, none of which we find persuasive.

Two alleged errors arose from the following incident. During rebuttal argument on findings, trial counsel made reference to the defense's case-in-chief: "They also told you you were going to get character for truthfulness." This comment was based on defense counsel's comments during opening statement that defense witnesses would say: ". . . she's an honest and truthful person, that she's got good military character; and their conclusion is that she would not use cocaine. They further conclude that, if she told you she didn't use cocaine, then she didn't use cocaine." Earlier in the case based on trial counsel objection, the military judge did not allow defense testimony on truthfulness because trial counsel did not attack appellant's credibility. Mil.R.Evid. 608(a). The military judge cut trial counsel off, saying: "Excuse me. A[n] opening statement is a possible roadmap. Sometimes, things do not occur that might occur. This is not at all against the defense. Go onto something else." During a subsequent session conducted pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a), (1988), the military judge asked counsel for both sides if his "instruction" was sufficient. Defense counsel indicated that it was not and asked to confer with his client about the decision to request an additional instruction. The military judge refused indicating that this was a legal issue. Defense counsel declined to request an additional instruction.

Appellant argues that the military judge erred when he barred consultation between appellant and her defense attorney. Appellant claims this error resulted in a violation of her Sixth Amendment right to assistance of counsel which requires that the findings and sentence be set aside. The government's brief urges that denial of the right to counsel be tested for prejudice and argues that there was no prejudicial harm.

■ An accused has a constitutional right to the assistance of counsel at "critical stages" of a criminal proceeding. A "critical stage" is that point where substantial rights of an accused may be affected without the advice of counsel. Denial of an accused's right to counsel during a "critical stage" must be tested for prejudice. *See United States v. Jackson,* 5 M.J. 223 (C.M.A.1978). The right to consult with counsel during trial is not absolute and has been limited when the accused becomes a witness. *Perry v. Leeke,* 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989). Strategic and tactical trial decisions are the exclusive province of defense counsel after consultation with the client. *Air Force Standards for the Administration of Criminal Justice, The Defense Function,* Standard 4–5.2 (TJAG Letter 89–5, 4 December 1989). In this case counsel weighed the options, elected not to request an additional instruction, and agreed the judge's instruction was sufficient. We find no prejudice to the substantial rights of appellant. However, we believe that a defense counsel's request to consult with the client should be liberally granted to preserve the appearance of fairness in the judicial proceedings and to keep the client informed about the proceedings. *Air Force Standards for the Administration of Criminal Justice, The Defense Function,* Standards 4–1.1(b) and 4–3.8 (TJAG Letter 89–5, 4 December 1989).

■ In her second assignment of error, appellant argues that the military judge erred by failing to give a curative instruction to disregard trial counsel's improper argument during findings. The military judge had already provided a *sua sponte* instruction when he curtailed the initial comment. While this instruction should have directly told the members to disregard the comment, we do not believe that the members were misled. *United States v. Alford,* 31 M.J. 814 (A.F.C.M.R.1990). Likewise, we do not believe that the failure to give an additional instruction constituted "plain error." *United States v. Fisher,* 21 M.J. 327 (C.M.A.1986); *United States v. Jones,* 30 M.J. 898 (A.F.C.M.R.1990).

■ The final alleged error occurred during sentencing when, after a period of deliberation, the president asked for additional instructions concerning the relationship between discussion and voting on proposed sentences. The military judge advised

that following a full and free discussion on sentencing, the proposed sentences are arranged in order of severity. He indicated that further discussion was discretionary and the president could call for a vote subject to being overruled by a majority of members. There was no objection to this instruction. Appellant now argues that the military judge's instruction that the president could call for a vote on sentencing was erroneous because it had no legal basis, either in the MANUAL FOR COURTS–MARTIAL (MCM), UNITED STATES, 1984, or precedent.

Neither the MCM (1984) nor precedent answers the question raised. The military judge gave a reasoned response which, in part, incorporated procedures found in R.C.M. 921(c)(6) for voting on findings. Counsel for both sides concurred with the response. Appellant suggests that the military judge should respond to questions only by repeating instructions already given or recognized. We disagree. A court-martial is not a scripted procedure but a dynamic event. The military judge must be able to respond to new or unanticipated events using his or her best judgment. We do not believe that the military judge abused his discretion in responding to the question. *See United States v. Travers*, 25 M.J. 61 (C.M.A.1987); *United States v. Andrews*, 36 M.J. 922 (A.F.C.M.R.1993). Likewise, we fail to find plain error in the instruction. *Fisher; Jones.*

We conclude that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant occurred. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge HEIMBURG and Judge PEARSON concur.