**UNITED STATES, Appellee,**

v.

**Ricky THOMAS, Sergeant, U.S. Marine Corps, Appellant.**

No. 51867.

NMCM 84–2717.

U.S. Court of Military Appeals.

April 28, 1986.

For Appellant: *Major Michael E. Canode, USMC* and *Lieutenant Commander Alvin L. McDonald, JAGC, USN* (on brief); *Lieutenant Colonel M.W. Lucas, USMC.*

For Appellee: *Commander Michael P. Green, JAGC, USN* and *Lieutenant Robert G. Sosnowski, JAGC, USNR* (on brief); *Captain W.J. Hughes, JAGC, USN.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by special court-martial during October and November 1983, and January 1984, at Naval Base, Norfolk, Virginia. Pursuant to his pleas, he was convicted of two specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. Contrary to his pleas, he was also convicted by military judge sitting alone of using marihuana, in violation of Article 134, UCMJ, 10 U.S.C. § 934. His approved sentence includes confinement and partial forfeitures for 2 months, reduction to pay grade E–1, and a bad-conduct discharge.

We granted review to determine:

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY DENYING APPELLANT'S REQUEST FOR A CONTINUANCE UNTIL 8 FEBRUARY 1984 AND THUS DENIED APPELLANT HIS RIGHT TO A CIVILIAN COUNSEL.

We affirm, holding that the military judge acted within his discretionary authority in denying the request for a continuance.

At the first Article 39(a), UCMJ, 10 U.S.C. § 839(a), session on October 12, 1983, appellant appeared in court with his detailed defense counsel. After being advised of his rights to counsel, appellant expressed a desire to be represented by a civilian attorney from Buffalo, New York. Detailed defense counsel stated that the civilian attorney had indicated his availability "during the month of November" to try this case. Therefore, the military judge scheduled the case to be tried on November 10, 1983.

Before the court met again, however, the Additional Charge alleging use of marihuana was preferred against appellant on November 10, and referred to trial on November 16, 1983. At the second Article 39(a) session, held on November 21, appellant reiterated his desire to be represented by civilian counsel. Detailed defense counsel stated that the civilian attorney had indicated his availability on the 11th and 12th of January. In view of this representation, the military judge scheduled trial for January 11, 1984.

At the third Article 39(a) session, held on January 11, civilian counsel was not present. Detailed defense counsel stated that he had spoken with the civilian attorney on December 20, at which time it appeared that the attorney would not be representing appellant. Accordingly, detailed defense counsel had filed two motions with the court. It later developed, however, that the civilian counsel was retained. Consequently, detailed defense counsel requested a continuance of approximately 30 days to arrange for civilian counsel's presence. Trial counsel objected to another continuance, stating that the witnesses were present and the Government was prepared to proceed.

In response to the military judge's inquiry, appellant stated that he had called civilian counsel and tried "to get our case on the road" but civilian counsel "just told me that he was going to be here and a few things came up that delayed his departure from Buffalo to here." In addition, appellant stated his intention to request representation by individual military counsel. Whereupon, the military judge arraigned appellant and granted a continuance until January 30, informing appellant that "the case will go on that date."

On January 31, the next session of trial was called to order. Appellant was present with his detailed defense counsel and individual military counsel—civilian counsel was not present. Detailed defense counsel stated that appellant had paid civilian counsel $2,400 and still wanted that attorney to represent him; however, civilian counsel was not in court due to "a tragedy in his family" wherein "his son was very badly injured." Detailed defense counsel then requested a continuance until February 8, when civilian counsel's "schedule would permit him to be able to be here." Trial counsel strenuously objected, asserting that all witnesses were again present and that the Government wished to proceed.

The military judge refused to grant another continuance, stating:

> The accused is entitled to a reasonable delay in order to secure the services of civilian counsel. I believe that it can be said that the accused was reasonably on notice that ... [the civilian counsel] would be difficult to pin down. It's my ruling that the trial will proceed at this time, inasmuch as the accused is represented by able appointed counsel, as well as individual military counsel as requested.

Appellant posits that the military judge abused his discretion, as the refusal to grant a continuance effectively denied appellant the right to be represented by civilian counsel. We disagree.

■ Recognizing that the military judge is tasked with insuring that courts-martial are conducted in a fair, orderly, and efficient manner, we are willing to accord him the authority and latitude necessary to perform this difficult job. *See United States*

*v. Browers,* 20 M.J. 356, 361 (C.M.A.1985) (Cox, J., concurring) ("appellate courts ... must zealously defend the military trial judge's authority to manage the proceedings over which he presides"). A continuance may be granted whenever the military judge deems it "to be just." Art. 40, UCMJ, 10 U.S.C. § 840. The decision to grant or deny a continuance is within his broad discretion and, absent clear abuse, will not be overturned. *United States v. Menoken,* 14 M.J. 10 (C.M.A.1982).

■ Furthermore, the right to counsel of choice is not absolute and must be balanced against society's interest in the efficient and expeditious administration of justice. *Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). The exercise of the right to civilian counsel "cannot operate to unreasonably delay the progress of the trial." *United States v. Montoya,* 13 M.J. 268, 274 (C.M.A.1982). "[O]nly an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy, supra,* 461 U.S. at 11–12, 103 S.Ct. at 1616, *quoting Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964).

■ The military judge here exhibited commendable patience, going to great lengths to accommodate appellant in his choice of representation. It was only in the face of civilian counsel's continued unavailability and failure to make even a written appearance with the court that the military judge refused to grant a further continuance. Thus, there was no abrogation of appellant's right to have civilian counsel and no abuse of discretion.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT concurs.