UNITED STATES

v.

John WILSON, Jr., 263 74 9199, Storekeeper First Class (E–6), U.S. Navy.

NMCM 87 1977.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 25 Nov. 1986.

Decided 9 June 1989.

---

CDR. J.A. Williams, JAGC, USN, Appellate Defense Counsel.

Maj. J.L. Powers, USMC, Appellate Defense Counsel.

LT. Eralides E. Cabrera, JAGC, USNR, Appellate Government Counsel.

Before RILEY, ALBERTSON and JONES, JJ.

ALBERTSON, Judge:

After mixed pleas, appellant was convicted of violating the Uniform Code of Military Justice (UCMJ), Articles 80, 108, 121, and 134, 10 U.S.C. §§ 880, 908, 921, and 934, respectively. Appellant was sentenced to confinement for three months, reduction to pay grade E–1, and a bad-conduct discharge. Appellant assigns four errors for review by this Court, but because of our resolution of the second assignment of error, we need discuss it only.

Appellate defense counsel states the issue as follows:

THE MILITARY JUDGE ABUSED HIS DISCRETION BY DENYING THE DEFENSE REQUESTED CONTINUANCE FOR COMMENCEMENT OF TRIAL UNTIL 17 DECEMBER 1986, THUS EFFECTIVELY FORCING THE CIVILIAN DEFENSE COUNSEL TO WITHDRAW FROM THE CASE.

The charges against appellant were preferred on 30 May 1986, and the pretrial investigation of the Charges was completed on 19 August. Referral of the Charges to a general court-martial was on 30 September, and the initial Article 39(a) session was on 16 October.

On 16 October, appellant's civilian defense counsel, who had represented appellant at the Article 32 investigation, entered a notice of appearance with the court, and requested a trial date no sooner than 17 December due to existing, scheduled professional obligations. The military judge,

noting that the case was "old" and that civilian counsel had been with the case since the pretrial investigation, stated that one month was adequate to prepare the case for trial, and set a trial date for 17 November. On 22 October, after litigating several pretrial motions, civilian counsel made a written request for a continuance until 17 December, and filed documents and personal calendar entries in support of the motion. Ruling that civilian counsel had not made a sufficient showing of unavailability for trial prior to 17 December, the military judge reiterated the docketing of the case for 17 November. Civilian counsel then stated that existing professional obligations made it impossible to represent appellant on 17 November, and that he would file a "notice of involuntary withdrawal" as counsel.

By order of the Court, civilian counsel appeared once more, on 4 November. The military judge questioned appellant, and obtained from him a formal release of civilian counsel from further representation in this case. The case went to trial on 21 November and appellant was sentenced on 25 November.

 We recognize that a military judge must have the authority to manage the proceedings over which he presides, and that the decision to grant or deny a continuance is within his broad discretion and, absent clear abuse, should not be overturned. *United States v. Menoken,* 14 M.J. 10 (C.M.A.1980). Further, the right to counsel of choice is not absolute and must be balanced against society's interest in the efficient and expeditious administration of justice. *United States v. Thomas,* 22 M.J. 57 (C.M.A.1986). In other words, the exercise of the right to civilian counsel cannot operate to unreasonably delay the progress of the trial. *United States v. Montoya,* 13 M.J. 268 (C.M.A.1982). In a case such as this, when the accused was the party moving for the continuance, the military judge should weigh the underlying basis for the continuance against the adverse consequences to the prosecution from delaying the trial. Matters to be considered by the trial judge in granting or denying a contin-

uance to resolve a scheduling conflict include the number and length of previous continuances, whether an additional continuance would inconvenience witnesses, opposing counsel or the court, and whether the delay would prejudice the accused. *See United States v. Stevens,* 27 M.J. 626 (AFCMR 1988). If the accused's request for a continuance is grounded on a substantial right and the prosecution's singular basis for opposition is administrative inconvenience, its denial may constitute an abuse of discretion. *United States v. Perry,* 14 M.J. 856 (C.M.A.1982). Only an "unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Thomas,* 22 M.J. at 59, *quoting Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610, 620 (1983), *quoting Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921, 932 (1964).

 In this case, unlike *Thomas,* the civilian counsel had represented appellant at the Article 32 investigation and entered his appearance at the first Article 39(a) session. The counsel filed numerous motions for appropriate relief, and gave no indication that he would be unavailable for trial. In *Thomas,* where the trial court was found not to have abrogated the appellant's right to have a civilian counsel by denying a defense continuance request, the civilian counsel was continually unavailable for a 4 month period, and had failed to make even a written appearance with the court. In our case, no other continuance had been sought by the defense. Additionally, there is nothing of record to indicate that the Government would have suffered any actual or potential hardship had this continuance been granted. Indeed, the only reason offered by the Government for opposing this request was that the case was "old." When balanced against the right at issue—the right of the appellant to be represented at trial by civilian counsel of his own choosing—the Government's opposition strikes us simply as a desire to clear the trial docket, a matter of administrative convenience.

■ We find that the military judge abused his discretion in denying the defense requested continuance because (1) there were no apparent adverse consequences to the prosecution from delaying the trial; (2) the defense offered to forego any speedy trial claims which might otherwise result from the delay; (3) denial of the continuance request led to the withdrawal of the retained civilian counsel due to his legitimate scheduling difficulties; (4) the request itself was for a reasonable period of time, and (5) there were no prior continuance requests. In so doing, appellant's fundamental right to be represented by his counsel of choice, his retained civilian counsel, was arbitrarily denied. Prejudice is presumed. *See United States v. Romano*, 849 F.2d 812 (3d Cir.1988); *United States v. Rankin*, 779 F.2d 956 (3d Cir.1986).

Accordingly, the findings of guilty to all charges and specifications and the sentence are set aside. The record of trial is returned to the Judge Advocate General for transmittal to a convening authority who may order a rehearing or dismiss the charges.

Senior Judge RILEY and Judge JONES concur.