**UNITED STATES, Appellee,**

v.

**Specialist Patrice S. PHILLIPS, 225–39–0482, United States Army, Appellant.**

**ACMR 9102746.**

U.S. Army Court of Military Review.

29 April 1993.

For Appellant: Major James M. Heaton, JAGC, Captain Christopher W. Royer, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Major Kenneth T. Grant, JAGC, Captain Louis E. Peraertz, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Pursuant to her pleas, she was found guilty of four specifications of making and uttering worthless checks by dishonorably failing to maintain sufficient funds and two specifications of dishonorable failure to pay a just debt, in violation of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (1982). Contrary to her pleas, she was found guilty of four specifications of larceny, in violation of Article 121, UCMJ, 10 U.S.C. § 921 (1982). She was sentenced to a bad-conduct discharge, confinement for three years, and reduction to Private E1. The convening authority approved the sentence.

Appellant asserts several errors, only two of which will be discussed in this opinion. She asserts:

### I.

THE MILITARY JUDGE ERRED BY REFUSING TO GRANT CIVILIAN DEFENSE COUNSEL'S REQUEST FOR A CONTINUANCE AND NOT HONOR-

ING APPELLANT'S REQUEST THAT HER INDIVIDUAL MILITARY COUNSEL BE DISCHARGED, AND, BY INSISTING THAT TRIAL PROCEED AFTER ASCERTAINING CIVILIAN DEFENSE COUNSEL'S PREVIOUS COMMITMENT TO APPEAR IN CIVILIAN COURT.

## II.

TRIAL DEFENSE COUNSEL WAS INEFFECTIVE ON SENTENCING FOR HER ARGUMENT TO THE MEMBERS THAT CONFINEMENT, IF ADJUDGED, "NOT BE ANY MORE THAN AT THE MOST TWO YEARS."

We disagree with appellant's assertions and affirm.

## I.

### DENIAL OF CONTINUANCE

The first issue in this case arose because the military judge denied a last-minute request for continuance by a civilian counsel who was retained by appellant just prior to the trial. A review of the case indicates the reason.

The original charges against appellant were preferred on 17 June 1991. Shortly thereafter, military counsel, Captain (CPT) K, was detailed to defend appellant. CPT K took a number of actions on behalf of appellant, to include at least two requests to delay the investigation to be conducted pursuant to Article 32, UCMJ (Article 32 investigation). Those delays were granted. The Article 32 investigation was set for 11 July. On 11 July appellant requested individual military counsel. Her first request listed several counsel. That request was denied because counsel were not available. In another request, on 15 July, appellant asked that CPT C and CPT J, defense counsel assigned to U.S. Army Trial Defense Service at Fort Polk, Louisiana, be made available to defend her. This request was approved. After several defense delays, the Article 32 investigation was conducted

on 20 August 1991. On 25 September, the charges and specifications were referred to trial by general court-martial.

At the first court-martial session conducted pursuant to Article 39(a), UCMJ (Article 39(a) session), CPT J was not present. It was determined that CPT C would represent appellant. At that session, appellant indicated that she had retained a civilian lawyer, Ms. C. Close questioning by the military judge, however, revealed that only preliminary talks had taken place and Ms. C had not been paid any money, although appellant indicated she had the money. Appellant was advised of her forum rights but was not required to indicate her choice of forum. She then was arraigned. During the session CPT C revealed that she was preparing to leave for Fort Leavenworth, Kansas, to attend the Combined Arms and Service Staff School (CAS3).[1] The military judge instructed appellant to inform CPT C of the status of the attempt to retain Ms. C, the civilian attorney. He announced that if Ms. C was retained, she would be given a reasonable time to prepare the defense. He also announced that, if the civilian attorney was not retained and CPT C was to defend appellant, the trial date would be 15 October 1991.

The next Article 39(a) session was conducted on 29 October 1991. CPT C was at CAS3 and not present. CPT H, a defense counsel not previously associated with the case, represented appellant with her consent for this session only. The court was informed that Ms. C would not represent appellant. There was some discussion concerning appellant's attempts to retain other civilian counsel. The military judge set the trial date for 23 November 1991, to be preceded by an Article 39(a) session on 22 November. He advised appellant,

And you are going to be tried on that day. Captain [C] will represent you on that day. If you have another lawyer—a civilian—fine, but I'm not going to give you any more time. So if you retain a

---

1. CAS3 is a nine-week resident course of instruction required of all Army officers at a certain point in their careers.

civilian lawyer, explain to that lawyer that we're going to trial on that date—that I am going to set.

Appellant answered, "Yes sir." The military judge continued, "And that's it. Because enough time has gone by. You've had, I think, sufficient time to satisfy—to obtain proper representation." Again, appellant answered, "Yes sir." Later, the military judge stated, "I don't care how many civilian lawyers you retain—that's fine. But they will be ready to meet this trial date. The time has come to go to trial in this case."

A different military judge had been detailed for the 22 November Article 39(a) session. The session was delayed until late afternoon because of a medical emergency of CPT C. When the session was called to order appellant was not present because she could not be found. Consequently, the session was terminated.

At the session conducted on the morning of 23 November 1991, the military judge again advised appellant of her right to counsel. She stated that she would be represented by CPT C and no one else. He again advised her of her forum choices, even though notice had been given by appellant that she wished to be tried by military judge alone. Appellant changed her election and asked to be tried by a panel with enlisted members. The announced reason for the change was because appellant feared her absence from the Article 39(a) session on the prior day would be held against her. A delay was required because the government had prepared for a judge-alone trial; no arrangements had been made to have members present. Trial counsel objected because witnesses had been brought at great expense and were present for trial. At least eight of the witnesses had been brought from outside the state. Eleven witnesses were either civilians from the local community or military witnesses from the installation. One witness' plans to be married on that day had been disrupted because of his required presence at trial. Nevertheless, after motions were litigated and pleas were entered, trial was rescheduled for 13 December 1991. At this session the military judge

found that appellant was trying "to manipulate the system for her own purposes."

On 8 December, the military judge called another Article 39(a) session for the purpose of hearing more evidence on one of the motions.

On 13 December 1991, at an Article 39(a) session just prior to trial, trial defense counsel, CPT C, announced that appellant had retained Mr. P as civilian counsel. Mr. P was not present in court because he was at a hearing in a local court, but had asked CPT C to request a continuance. Noting the history of getting the case to trial and the fact that all witnesses were again present, the military judge denied the motion. Later that day, at a subsequent Article 39(a) session prior to trial on the merits, Mr. P made an appearance in court. He requested a continuance which was denied. He objected on the grounds of denial of effective assistance of counsel, in violation of the Sixth Amendment. He then asked for permission to withdraw from the case. After ascertaining that appellant did not want Mr. P to withdraw from the case, the request was denied by the military judge. Appellant stated that her dissatisfaction with CPT C was not in her experience and research, but that CPT C was going to school, located at a distance away from appellant, and could not meet with her when she desired. Although present for the trial, it appears from the record that Mr. P took little active part in the trial.

After all challenges were made, the court was reduced below a quorum. Trial was delayed until the next day in order for the government to obtain additional court members. At trial CPT C conducted the defense of appellant.

■ In order to represent appellant, counsel of choice indicated a continuance was necessary. Whether a continuance should be granted rests within the sound discretion of the military judge and will not be overturned except for clear abuse of discretion. *United States v. Menoken*, 14 M.J. 10 (C.M.A.1982). The right to counsel of choice is not absolute and must be balanced against society's interest in the effi-

cient and expeditious administration of justice. *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). Military judges have been accorded wide latitude in their task to insure that courts-martial are conducted in a fair, orderly, and efficient manner. *United States v. Browers*, 20 M.J. 356, 361 (C.M.A.1985) (Cox, J., concurring). The exercise of the right to civilian counsel cannot unreasonably delay the progress of trial. *United States v. Thomas*, 22 M.J. 57, 59 (C.M.A.1986); *United States v. Montoya*, 13 M.J. 268, 274 (C.M.A.1982). It has been held that a military judge did not abuse his discretion in denying a continuance for civilian counsel to prepare after repeated delays had been granted and the accused was defended by adequately prepared detailed counsel. *United States v. Gipson*, 25 M.J. 781 (A.C.M.R.), *petition denied*, 27 M.J. 22 (C.M.A.1988); *but cf. United States v. Thomas*, 33 M.J. 694 (A.C.M.R.1991) (denial of requested continuance because of counsel's workload coupled with request for delay to obtain witnesses held to be abuse of discretion).

■ In this case appellant's delays to obtain counsel of her choice started before the Article 32 investigation. Individual military counsel from another installation were requested and approved. Once the case was referred to court-martial, the military judge exhibited patience and granted appellant's requests for delay to obtain civilian counsel. After several failures to obtain civilian counsel, trial was set for a specific date with instructions to appellant that, if she did retain counsel, counsel should be informed that trial was to proceed on that date. When civilian counsel was not retained, appellant delayed trial by a last-minute request which changed the trial forum. At the next scheduled trial date, appellant informed the court that civilian counsel had been retained. Considering all the circumstances of this case, we are convinced, using our factfinding powers under Article 66(c), UCMJ, that appel-

lant's purpose was to avoid trial. We agree with the military judge's comment that appellant was manipulating the system for her own purposes. We hold that the military judge did not abuse his discretion in denying the request for continuance. We also conclude that CPT C ably represented appellant.

## II.

## EFFECTIVE ASSISTANCE OF COUNSEL

■ Appellant also asserts that her individual military counsel was ineffective because she argued on sentence that confinement, if adjudged, "not be more than at the most two years." During his argument on sentence in this case, trial counsel asked that appellant be sentenced, *inter alia*, to confinement for forty-eight months. We have reviewed trial defense counsel's argument. Considered as a whole, we find that her argument was directed at not confining appellant so she could get help for her problems. Counsel's later argument was a plea to the court to limit the confinement only in case they determined it necessary. Her argument was not improper. Accordingly, we hold that counsel was not ineffective. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A.1987).

The remaining assertions of error, to include those raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are also without merit.[2]

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.

---

**2.** On the form in which appellant requested appellate counsel, appellant noted the errors urged as grounds for relief as follows: "See submissions of matters under R.C.M. 1105."

We have considered those matters in arriving at the decision in this case. We have also considered her affidavit and the affidavit of her individual military counsel.