# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist KESHA R. CONNER**
**United States Army, Appellant**

ARMY 20120821

Combined Joint Interagency Task Force – 435
333d Military Police Brigade – Task Force Titan
Andrew C. Efaw, Military Judge

For Appellant:  Eric S. Montalvo, Esq.; Captain James S. Trieschmann, Jr., JA; (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Daniel M. Goldberg, JA; Captain Michael J. Frank, JA (on brief).


26 November 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A panel of enlisted and officer members convicted appellant, contrary to her pleas, of one specification of striking a superior commissioned officer and four specifications of willfully disobeying the lawful order of a noncommissioned officer, in violation of Articles 90 and 91, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 891 (2006) [hereinafter UCMJ], respectively.  The panel sentenced appellant to a bad-conduct discharge, confinement for one month, forfeitures of $994 per month for two months, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises four assignments of error, one of which merits discussion and relief. Appellant alleges that her 6th Amendment right to assistance of counsel was violated because the military judge abused his discretion in denying her civilian defense counsel's requests for continuance, thereby forcing appellant to proceed with an

attorney she had previously attempted to release. We agree and grant relief in our decretal paragraph.

**BACKGROUND**

Appellant was represented in this special court-martial by Mr. Montalvo, a civilian attorney practicing in Washington, D.C., and Captain (CPT) S, who was present in Afghanistan throughout the proceedings. Charges were referred on 31 May 2012. Appellant was arraigned on 11 June 2012 and indicated she desired to be represented by CPT S alone. It appears that the first trial date in this case was set for 4 July 2012. Mr. Montalvo filed a notice of appearance on behalf of appellant on 27 June 2012. Mr. Montalvo moved for a continuance on 29 June 2012, requesting the case be continued until 7 September 2012. Mr. Montalvo provided a schedule of his commitments to various trials and hearings in the United States, medical procedures between 20 – 24 August 2012, and vacation between 27 August – 3 September 2012. Mr. Montalvo stated he was available to commence travel on 4 September 2012. The military judge set the trial date for 27 August 2012, stating in his order that if Mr. Montalvo was unable to attend on this date he would be deemed unavailable and the trial would be set for the first available date.

On or about 9 July 2012, Mr. Montalvo's law partner notified the military judge that Mr. Montalvo had emergency surgery and was hospitalized. On 17 July 2012, Mr. Montalvo was again hospitalized for complications from his earlier surgery. The military judge and Mr. Montalvo's law partner communicated three times regarding Mr. Montalvo's condition, each time resulting in the communication of uncertainty as to Mr. Montalvo's availability to travel. On 22 July 2012, Mr. Montalvo sent an e-mail to the military judge explaining his not insubstantial medical issues and explaining that the vacation time Mr. Montalvo previously listed in his motion for continuance was actually convalescent leave. The military judge acknowledged this e-mail and wished Mr. Montalvo to get well soon. Mr. Montalvo then filed a motion for reconsideration of the military judge's previous continuation motion on 30 July 2012 and asked the court to grant a continuance until 15 September 2012.

The military judge denied this motion on 5 August 2012 and ordered the trial date changed from 27 August to 10 August 2013. The military judge found that Mr. Montalvo was unresponsive to the military judge as to his availability from 17-31 July 2012 and that Mr. Montalvo acted in bad faith in his request for a continuance, concluding he was attempting to game the system. The military judge also noted that according to the government, no contact or arrangements had been made regarding Mr. Montalvo's travel to Afghanistan for the trial. Furthermore, the military judge found appellant's unit was due to redeploy in October 2012 and one key witness had already redeployed during the continuances. The military judge did not recognize the e-mail communication of 22 July 2012 about Mr. Montalvo's

medical issues in his ruling. Additionally, the record reflects that Mr. Montalvo did send an e-mail to the trial counsel on 27 June regarding clearances and movement to which the trial counsel never responded. Mr. Montalvo subsequently filed unsuccessful writs with this court and our superior court on this issue. On 8 August 2012 appellant attempted to sever her attorney-client relationship with CPT S by executing a release form, although CPT S was never formally released from this case by the military judge.

Trial was held on 29-30 August 2012. When the military judge explained appellant's right to counsel, appellant stated that she did not wish to proceed with her military defense counsel (CPT S) but wanted to proceed with her civilian counsel (Mr. Montalvo). The military judge stated that Mr. Montalvo is "not here" and that appellant's "choices today are to proceed with your appointed defense counsel, or to proceed on your own." The appellant then stated "I do not wish to participate." The appellant then became completely unresponsive to the military judge as he explained pro se representation for four transcript pages. The military judge determined the appellant had essentially absented herself from the proceedings "so we will continue to proceed whether or not the accused participates or not." The military judge then granted assistant military defense counsel's motion to withdraw as counsel in the case, but denied CPT S's motion to withdraw. When attempting to elicit a plea from the appellant, CPT S stated on the record "Your honor, Specialist Connor is not willing to cooperate with her defense. She requested that I not speak for her at all. She—frankly sir, I'm not sure based on the recent events that I am prepared to go at this point." The military judge then entered a plea of not guilty for the appellant. The military judge then noted that CPT S was prepared and ready to go two months ago, and told CPT S that he would grant him additional time to talk to witnesses before they take the stand. The trial then proceeded with CPT S acting as counsel to the appellant.

## LAW AND DISCUSSION

We review a military judge's decision to deny a continuance for abuse of discretion. *United States v. Weisbeck,* 50 M.J. 461, 464 (C.A.A.F. 1999). An abuse of discretion exists where the ruling of the trial judge is "clearly untenable and . . . deprive[s] a party of a substantial right such as to amount to a denial of justice." *United States v. Miller*, 47 M.J. 352, 358 (C.A.A.F. 1997) (citations omitted). Abuse of discretion "does not imply an improper motive, willful purpose, or intentional wrong" on the part of the military judge. *Id.* (quoting *United States v. Travers*, 25 M.J. 61, 62 (C.M.A. 1987) (citations omitted)). The factors used to determine whether a military judge abused his or her discretion by denying a continuance include "surprise, nature of any evidence involved, timeliness of the request, substitute testimony or evidence, availability of witness or evidence requested, length of continuance, prejudice to opponent, moving party received prior continuances, good faith of moving party, use of reasonable diligence by moving

party, possible impact on verdict, and prior notice." *Miller*, 47 M.J. at 358 (citations and quotations omitted). *See also United States v. Young*, 50 M.J. 717 (Army Ct. Crim. App. 1999). Applying the *Miller* factors, we conclude that the military judge abused his discretion by denying the continuance request by Mr. Montalvo.

First, Mr. Montalvo's continuance was not a surprise to the military judge or the government. Mr. Montalvo filed his notice of appearance in this case on 27 June 2012 and moved for a continuance two days later. Once Mr. Montalvo brought his medical issues to the military judge's attention, it was not unreasonable for the military judge and the government to have anticipated further continuance requests. Mr. Montalvo was in the United States and his client and the witnesses were in Afghanistan. It is not surprising that Mr. Montalvo would be unable to adequately prepare for a contested trial in the timeframe permitted by the military judge. Although appellant's case was not particularly complex, adequate preparation time to interview witnesses and meet with appellant was certainly required. We do not consider any of Mr. Montalvo's requests for continuation, to include requests for reconsideration, to be untimely.

Second, we find Mr. Montalvo's reasons for delay compelling. Mr. Montalvo made it clear in his e-mail to the military judge on 22 July 2012 that he had medical complications resulting from emergency surgery that hindered his ability to travel. In addition, Mr. Montalvo presented the military judge with a requested trial date of 15 September 2012, a date only one week later than that proposed in his original request for continuance. Mr. Montalvo's request for a continuance was reasonable under the circumstances.[1] Despite the military judge's findings following Mr. Montalvo's request for reconsideration of 30 July 2012 that Mr. Montalvo's "lack of responsiveness to the Court and apparent failure to make transportation arrangements into theatre indicate a lack of good faith," we find no basis to conclude

---

[1] We are not unmindful that granting such a request would have potentially obviated the issue of appellant's right to civilian counsel of choice under Article 38, UCMJ. *See United States v. Donohew*, 18 U.S.C.M.A. 149, 152 39 C.M.R. 149, 152 (1969) (holding right to civilian counsel in courts-martial "a most valuable right accorded by law"). On the broader issue of choice of counsel, given that Mr. Montalvo's request for continuance was essentially consistent throughout the course of this case, with the exception of requesting an additional eight days considering his medical issues, the military judge's ruling effectively denying counsel of choice was problematic. *See United States v. Gonzales-Lopez,* 548 U.S. 140, 150 (2006) ("We have little trouble concluding that erroneous deprivation of the right to counsel of choice, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error.") (quoting *Arizona v. Fulminante*, 499 U.S. 279, 282 (1991) (internal quotation marks omitted)).

4

Mr. Montalvo failed to act with due diligence, failed to act in good faith, or requested or benefited from any prior continuance.[2]

There was some evidence of prejudice to the government of the type anticipated by *Miller*, 47 M.J. at 358-59, considering one witness had left the theater of operation, and the fact that Appellant's unit was scheduled to redeploy in October 2012. Recognizing the government's interest in the fair, orderly, and effective administration of justice in a deployed environment, we are convinced the military judge abused his discretion in this case finding that said government interest outweighed the appellant's valuable right to choose counsel. "It ought to be an extremely unusual case when a man is forced to forego civilian counsel and go to trial with assigned military counsel rejected by him." *Id.* at 358 (quoting *Kinard*, 21 U.S.C.M.A. at 303, 45 C.M.R. at 77. Although "the right to civilian counsel is not absolute," both our superior court and the Supreme Court have noted "an unreasoning arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." *United States v. Thomas*, 22 M.J. 57, 59 (quoting *Morris v. Slappy*, 461 U.S. 1,11-12 (1983)). While we do not diminish the government's concerns, the totality of circumstances presented by the facts available to the military judge lead to the conclusion that he abused his discretion in the balancing of applicable interests.

Where a military judge denies a continuance request made for the purpose of obtaining civilian counsel, prejudice to the accused is likely. *Miller*, 47 M.J. at 359. It is difficult to imagine that prejudice would not be present in a case where the appellant insists upon the representation of civilian counsel, and appellant is forced to participate in a trial with assigned military counsel she has attempted to release and with whom she refuses to communicate. Such are the facts in the case here.

We are cognizant that the military judge was attempting to ensure the "prompt, fair administration of justice." *Young*, 50 M.J. at 721. We further understand the inherent difficulties he faced as a trial judge in Afghanistan coordinating this court-martial in a combat zone involving activated reserve component units, civilian counsel in the United States, and a delay of over sixty days from referral at the time of the 5 August 2012 ruling denying a continuance.

---

[2] Likewise, there is nothing to suggest appellant sought to "vex the government with needless delay." *United States v. Kinard*, 21 U.S.C.M.A. 300, 304, 45 C.M.R. 74, 78 (1972). She timely retained civilian counsel well before the scheduled trial date. *See United States v. Alicea-Baez*, 7 M.J. 989 (A.C.M.R. 1979) (denial of appellant's request for unspecified delay to obtain civilian counsel on day of trial after ample pretrial delay and opportunity not an abuse of discretion.); *see also United States v. Phillips*, 37 M.J. 532 (A.C.M.R. 1993) (no abuse of discretion to deny further continuance after appellant's repeated delays to obtain civilian counsel, demonstrating an intent to avoid trial).

Nonetheless, we are compelled to conclude, and the facts compellingly demonstrate, that the military judge abused his discretion by forcing appellant to proceed to trial with CPT S, thereby materially prejudicing appellant's substantial rights. In light of that, we do not find it necessary to reach appellant's additional allegations of error.[3]

## CONCLUSION

Accordingly, the approved findings of guilty and sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] Mr. Montalvo continues to represent appellant on appeal and alleged before this court that CPT S provided ineffective assistance of counsel. Captain S filed an affidavit in response, to which he appended an email from Mr. Montalvo evidencing Mr. Montalvo's plan to "create such a record of ridiculous [sic] that the case will have to be overturned if it proceeds." Further, Mr. Montalvo ordered CPT S to do nothing but address his detailing in this case: "he will not argue motions, present evidence, make objections, nothing [sic]." Captain S, however, upon receiving advice from Trial Defense Services and his state bar, defended appellant at trial. Nothing in this decision condones Mr. Montalvo counseling his client in a manner to encourage creating reversible error in the trial. In addition, nothing in this decision should be read to intimate that CPT S provided anything other than effective, professional representation under extremely difficult circumstances. The rights of appellant, not the conduct of counsel, were the paramount considerations in this decision.