# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Matthew R. DAWSON**
Quartermaster Third Class (E-4), U.S. Navy
*Appellant*

**No. 202400414**

_____

Decided: 3 June 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
John J. Stephens (arraignment)
Derek D. Butler (motions)
G. Glenn Gerding (motions)
Michael F. Whitican (trial)

Sentence adjudged 1 August 2024 by a special court-martial tried at Naval Station Great Lakes, Illinois, consisting of officer members. Sentence in the Entry of Judgment: reduction to E-2, confinement for 45 days, and forfeiture of $746.16 pay per month for three months.

For Appellant:
*Ms. Kimberly D. Barnes*

For Appellee:
*Commander John T. Cole, JAGC, USN*
*Major Mary Claire Finnen, USMC*

Chief Judge DALY delivered the opinion of the Court, in which Senior Judge GROSS and Judge de GROOT joined.

————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

————————————

DALY, Chief Judge

Appellant was convicted, contrary to his pleas, of one specification of larceny, in violation of Article 121, Uniform Code of Military Justice (UCMJ), for stealing two computers of a value of approximately $ 5,978.00, the property of the Navy Exchange Service Command.[1]

Appellant raises six assignments of error (AOEs). The four below warrant discussion:[2]

> I. **Did the convening authority commit unlawful command influence where he obtained Appellant's full R.C.M. 706 Board Report and subsequently made numerous decisions adverse to Appellant?**
>
> II. **Did the military judge abuse his discretion when he denied Appellant's motion for pretrial confinement credit?**

---

[1] 10 U.S.C. § 921.

[2] Appellant raised the following AOE pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982): Are the facts insufficient to prove larceny where the Government had no evidence that the allegedly stolen items were actually laptops valued over $5,000 rather than simply boxes? We carefully considered the matters raised by Appellant in his brief and find they do not require discussion or relief. Specifically, Appellant has not met the specific showing of a deficiency in proof. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987). Appellant also raised the following AOE through counsel: Was Appellant deprived of his Constitutional right to a fair and impartial members panel when there was not a requirement to reach a unanimous verdict for a conviction? We find it to be without merit. *United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987); *see United States v. Anderson*, 83 M.J. 291 (C.A.A.F. 2023); *United States v. Causey*, 82 M.J. 574 (N-M. Ct. Crim. App. 2023).

III. **Did the military judge abuse his discretion when he denied most of the defense's continuance request, thereby denying Appellant his right to effective representation at trial?**

IV. **Was the adjudged sentence to forfeitures incorrect by not being awarded in whole dollars?**

We find no prejudicial error and affirm the findings and sentence, though we modify the Entry of Judgment to reflect forfeiture of pay in whole dollars.

# I. BACKGROUND

On 8 June 2023, the convening authority referred to special court-martial a charge and specification against Appellant for larceny of two computers from the Navy Exchange.

## A. Trial Defense Motions

### 1. Motion to Dismiss for Unlawful Command Influence

Before trial, on 7 July 2023, Trial Defense Counsel (TDC) requested, and the military judge then ordered on 11 July 2023, a mental responsibility inquiry pursuant to Rule for Courts-Martial (R.C.M.) 706.[3] After some delay, the military judge inquired about the status of the evaluation. Trial counsel confirmed the hospital had not scheduled the request.[4] The military judge ordered the evaluation to be completed no later than 29 November 2023, and it was completed that day.[5] Appellant's commanding officer (CO), who was also the convening authority, asked for and received the full evaluation report (706 report).[6] Seven days later, the CO ordered Appellant into pretrial confinement based on unrelated charges.

---

[3] App. Ex. II and III.

[4] R. at 13.

[5] App. Ex. VI and V.

[6] App. Ex. X at 23; Full R.C.M. 706 Report, Appellant's Mot. to Attach, App'x A (August 20, 2025). We granted Appellant's Motion to Attach his Full R.C.M. 706 Report on 27 May 2026.

Appellant made a timely motion to dismiss for unlawful command influence based on the convening authority's receipt of the full mental responsibility report.[7] Specifically, Appellant argued that the CO's access to that report, while also acting as the convening authority, made the proceedings unfair. Appellant moved to dismiss the charge and specification, or in the alternative, to disqualify the convening authority and continue the trial dates.[8] The military judge denied the motion to dismiss and found that Appellant had failed to show some evidence of unlawful command influence.[9]

*2. Motion for Continuance*

The military judge set forth the timeline of the case, which we adopt, and we highlight the following:

> Charges were referred in this case on 8 June 2023, over 13 months ago;
>
> The accused had the benefit of detailed defense counsel . . . for over 12 months;
>
> The accused elected per his rights to excuse his defense counsel on 3 July 2024, 11 days before trial was supposed to begin in this case . . . ;
>
> . . .
>
> The defense and the accused have been provided two prior continuances in this case. . . . Neither of those motions for continuances affected the current defense counsel appearing on the record today.[10]

The trial was scheduled to start on 15 July 2024. On 12 July 2024, newly-appointed TDC requested a continuance until a date no earlier than 30 September 2024.[11] The military judge ruled orally on the continuance motion, citing the standard of review, making findings of fact, and granting the continuance in part until 30 July 2024.[12] The military judge acknowledged that the delay "consists of 15 days between now and the start of trial, and 20 days since

---

[7] App. Ex. VII.

[8] App. Ex. VII at 5.

[9] R. at 57–58.

[10] R. at 153.

[11] App. Ex. XXIX.

[12] R. at 152–60.

Defense Counsel was detailed to this case."[13] Although TDC did not make a motion for reconsideration of the continuance motion or make any additional motions for a continuance, TDC wanted to make a record of what "defense would have done or could have done in this case if a longer continuance had been granted. Every step that this defense team took was, by the nature of the short continuance, abbreviated and rushed. . . ."[14]

TDC stated that they did not have enough time to read through discovery, file motions related to discovery, work potential plea negotiations, and visit the scene.[15]

The military judge then questioned TDC about what they would have specifically done differently or if they would have filed any additional motions.[16]

Both TDC declared that the limited time hindered their ability to pursue non-judicial resolution that their client had previously refused, but to which he was later amenable.[17] Ultimately, TDC did request a separation in lieu of trial on behalf of Appellant, which the convening authority declined, and the case proceeded to trial.[18]

### 3. Motion for Seven Days of Pretrial Confinement

Before findings, Appellant made an oral motion for seven days of pretrial confinement credit and presented documents from the initial review hearing.[19] Appellant was placed in pretrial confinement on 9 December 2023 for unrelated charges, six months after the referral date for this court-martial. Appellant argued that although the charges were unrelated to this court-martial, the convening authority referenced the underlying facts of the larceny offense in

---

[13] R. at 159.

[14] R. at 211–13.

[15] R. at 211–13

[16] R. at 213–16 (The military judge confirmed that TDC had not asked for reconsideration of their motion for a continuance or any additional motions, TDC had received R.C.M. 912 matters for eight of nine members the previous day, and TDC had been able to communicate with the previous defense counsel in the case about the case).

[17] TDC Decls., Appellant's Mot. to Attach, App'x A and B (August 21, 2025). We granted Appellant's Motion to Attach the TDC Declarations on 27 May 2026.

[18] *Id.*

[19] R. at 640–50; App. Ex. LVII.

the paragraph, "general circumstances," to justify that Appellant would continue to engage in future serious misconduct.[20]

There is no dispute that Appellant was in pretrial confinement for seven days.[21] The military judge confirmed, "*Allen* credit applies when the time in custody is a result of a criminal charge for which the sentence is imposed: that would be larceny here."[22] Before sentencing, the military judge denied Appellant's motion for pretrial confinement credit.[23]

## B. The Members Adjudged the Sentence of Forfeitures Incorrectly Because They Were Not in Whole Dollars.

The members sentenced Appellant to forfeit $746.16 pay per month for 3 months, which is not in whole dollar amount as required by R.C.M. 1003(b)(2). The Entry of Judgment repeats the forfeiture language as adjudged by the members.

## II. DISCUSSION

## A. The Convening Authority did not Commit Unlawful Command Influence Where He Obtained Appellant's Full R.C.M. 706 Board Report and Subsequently Made Numerous Decisions Adverse to Appellant.

### 1. Applicable Law and Standard of Review.

The United States Court of Appeals for the Armed Forces (CAAF) "has long recognized that Article 37(a), UCMJ, prohibits unlawful influence by all persons subject to the UCMJ."[24] "The term 'unlawful command influence' has been used broadly . . . to cover a multitude of situations in which superiors have unlawfully controlled the actions of subordinates in the exercise of their duties under the UCMJ."[25] The CAAF has found that "an 'improper manipulation of the criminal justice process,' even if effectuated unintentionally, will not be countenanced by this [c]ourt."[26]

---

[20] R. at 642–43.

[21] R. at 645–46; App. Ex. LVIII.

[22] R. at 649.

[23] R. at 710.

[24] 10 U.S.C. § 837(a); *United States v. Barry*, 78 M.J. 70, 76 (C.A.A.F. 2018).

[25] *United States v. Hamilton*, 41 M.J. 32, 36 (C.M.A. 1994).

[26] *Barry*, 78 M.J. at 78.

When an allegation of unlawful command influence is litigated at trial, the military judge's findings of fact are reviewed for clear error.[27] This means that an appellate court must "accept as true the military judge's findings of fact on a motion to dismiss for unlawful command influence unless those findings are clearly erroneous."[28]

An appellate court must "review de novo the legal question whether" the facts found by the military judge "constitute unlawful command influence."[29] "[T]he initial burden of showing potential unlawful command influence is low, but is more than mere allegation or speculation."[30] "Instead, an appellant must show 'some evidence' in order to sufficiently raise the issue."[31] Once an appellant meets this threshold, a far higher burden shifts to the Government; it must prove beyond a reasonable that: (1) the predicate facts do not exist; or (2) the facts do not constitute unlawful command influence; or (3) the unlawful command influence had no prejudicial impact on the court-martial.[32]

*2. Analysis*

The CO asked for and received Appellant's full 706 report and continued to take military justice actions against Appellant, including ordering Appellant into pretrial confinement on unrelated charges. Appellant argues that the CO's access to the report and military justice actions taken against Appellant met the low threshold of "some evidence" of unlawful command influence.[33] We disagree. Specifically, R.C.M. 706(c)(3)(B) authorizes the release of the full report to the commanding officer, upon his or her request.

Relying on the findings of the military judge, which we conclude are not clearly erroneous, we agree that Appellant has failed to meet his initial burden of successfully showing "some evidence" of facts which constitute unlawful influence on the part of the convening authority. Specifically, we concur with the

---

[27] *United States v. Johnson*, 54 M.J. 32, 34 (C.A.A.F. 2000).

[28] *United States v. Proctor*, 81 M.J. 250, 255 (C.A.A.F. 2021) (citing *United States v. Stirewalt*, 60 M.J. 297, 300 (C.A.A.F 2004)).

[29] *United States v. Ayers*, 54 M.J. 85, 95 (C.A.A.F. 2000) (citing *United States v. Wallace*, 39 M.J. 284, 286 (C.M.A. 1994)).

[30] *United States v. Salyer*, 72 M.J. 415, 423 (C.A.A.F. 2013) (citing *United States v. Stoneman*, 57 M.J. 35, 41 (C.A.A.F. 2002).

[31] *Barry*, 78 M.J. at 77.

[32] *United States v. Biagase*, 50 M.J. 143, 151 (C.A.A.F. 1999).

[33] Appellant's Brief at 13–19.

military judge who found that even if the access by the CO to the mental responsibility exam was improper, the evidence does not show that he unlawfully attempted to influence the action of a court-martial.[34] The military judge stated, "I don't see any evidence connecting the access to the [R.C.M.] 706 report with attempting to influence the court-martial."[35]

Specifically, we agree with the military judge that the CO's access to materials in the report, without more, does not amount to unlawful command influence. The military judge went on to conclude, and we similarly agree, that access by the CO to the report is not improper but specifically authorized within R.C.M. 706.[36]

We hold that the CO's access to Appellant's mental responsibility report does not constitute "some evidence" of unlawful command influence. It fails to meet the threshold requirement under *Biagase* to shift the burden to the Government because it is mere speculation that he made the adverse decisions regarding Appellant because of the report.

**B. Appellant was not Entitled to Pretrial Confinement Credit.**

### 1. Standard of Review

We review the question of whether Appellant is entitled to pretrial credit de novo.[37]

Appellant argues that he was entitled to pretrial confinement credit because the justification letter for his confinement mentioned the charges before this court, and he cites the *DoD Sentence Computation Manual* that requires "credit for each day spent in pretrial confinement or under restriction tantamount to confinement for crimes for which the prisoner was later convicted."[38] We disagree.

### 2. Analysis

Our opinion in *United States v. Speight* provides the historical legal context and analysis that the Court of Military Appeals used for its decision in *United*

---

[34] R. at 57.

[35] R. at 57.

[36] R. at 58; R.C.M. 706(c)(3)(B).

[37] *United States v. Smith*, 56 M.J. 290, 292 (C.A.A.F. 2002).

[38] Dep't of Def. Man. 1325.07, para. C2.4.2 (Jul. 27, 2004 & Ch. 3, Sept. 26, 2018).

*States v. Allen.*[39] Much like Appellant here, in *Speight*, "appellant sought credit for a period of confinement resulting from misconduct separate and apart from the misconduct for which he was ultimately convicted" and that claim was rejected by this Court.[40] We likewise find Appellant's claim to be without merit.

## C. The Military Judge Did Not Abuse His Discretion When He Denied Most of the Defense's Continuance Request.

### 1. Standard of Review and Applicable Law.

We review the military judge's decision to grant or deny a continuance for abuse of discretion.[41] A military judge abuses his discretion when his reasons for his ruling are "clearly untenable and . . . deprive a party of a substantial right such as to amount to a denial of justice."[42]

Our superior court supplied a set of factors we should consider in determining whether a ruling amounts to an abuse of discretion.[43] The *Miller* factors to determine whether there was an abuse of discretion include:

> Surprise, nature of any evidence involved, timeliness of the request, substitute testimony or evidence, availability of witness or evidence requested, length of continuance, prejudice to opponent, moving party received prior continuances, good faith of moving party, use of reasonable diligence by moving party, possible impact on verdict, and prior notice.[44]

" 'Unreasonable and arbitrary insistence upon expeditiousness in the face of justifiable request for delay' is an abuse of discretion."[45]

---

[39] *United States v. Speight*, 2021 CCA LEXIS 133 (N-M. Ct. Crim. App. Mar. 30, 2021) (unpublished) (citing *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984)).

[40] *Id.* at *9.

[41] *United States v. Miller*, 47 M.J. 358 (C.A.A.F. 1997) (citing *United States v. Thomas*, 22 M.J. 57, 59 (C.M.A. 1986)).

[42] *Id.* at 358 (citing *United States v. Travers*, 25 M.J. 61, 62 (C.M.A. 1987)).

[43] *United States v. Weisbeck*, 50 M.J. 461, 464 (C.A.A.F. 1999) (citing *Miller*, 47 M.J. at 358).

[44] *Id.*

[45] *Id.* at 466 (quoting *United States v. Soldevila-Lopez*, 17 F.3d 480, 487 (1st Cir. 1994)).

*2. Analysis*

Appellant contends that the military judge abused his discretion by not citing the *Miller* factors and granted an insufficient continuance. Because of this, Appellant claims he was prejudiced.[46] Having now considered the record, including TDC's declarations, we find the military judge did not abuse his discretion.

We recognize the basis for the continuance request was not to acquire evidence, but rather to ensure adequately prepared defense counsel, a fundamental trial concern. The military judge did as well. He cited the correct standard of review and law even though he did not specifically say, "*Miller* factors."[47] The military judge used the factors in his analysis:

> The accused is entitled to effective assistance of counsel. The court does not believe that 77 days of delay is required in order to provide the accused with that right to have effective assistance of counsel, and the evidence before the court, the court believes that defense counsel can be adequately and sufficiently prepared for trial in this case, which involves a single specification of larceny at a special court-martial, given the fact that all discovery has presented, given the fact that . . . defense counsel has access to previous defense counsel's files and materials, and still acts as the previous defense counsel, should she and the defense desire to use her as a resource, though not as counsel of record, and the fact that the government has an interest in the expeditious, though fair administration of charges which it has referred to a court-martial.[48]

We find the military judge's decision was reasonable and not arbitrary.[49] The military judge did not abuse his discretion.

**D. The Adjudged Sentence is Incorrect Because It was Not Awarded in Whole Dollars.**

"Unless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in whole dollars to be forfeited each month and the number

---

[46] Appellant's Brief at 36–47.

[47] R. at 152–53.

[48] R. at 158–59.

[49] *See Weisbeck*, 50 M.J. at 466.

of months the forfeitures will last."[50] Here, the members adjudged the forfeitures as $746.16 per month for a period of three months instead of expressing the partial forfeitures as a whole dollar amount per month. As entered, the Entry of Judgment repeats the same language.

The failure to account for forfeitures in a dollar amount is a clerical error with "no prejudicial impact on the accused," and it is easily remedied.[51] Failure to use whole dollars is no different, with the remedy being to reduce forfeitures approved by the convening authority to a whole dollar amount per month.

Accordingly, we will modify the sentence and the EOJ. All rights, privileges, and property of which Appellant has been deprived by virtue of execution of forfeitures in the Entry of Judgment which have not been affirmed will be restored. We issue a corrected Entry of Judgment, in accordance with R.C.M. 1111(c)(2).

---

[50] R.C.M. 1003(b)(2).

[51] *United States v. Jewett*, No. 200900167, 2009 CCA LEXIS 688, at *2 (N-M. Ct. Crim. App. Sept. 24, 2009) (unpublished) (quoting *United States v. Gilgallon*, 1 C.M.A. 263, 266, 2 C.M.R. 170, 172 (C.M.A. 1952)).

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings are correct in law, the sentence as modified is correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred.[52]

The Entry of Judgment is modified to reflect forfeitures in whole dollar amount. Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[53] In accordance with R.C.M. 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence as modified are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[52] Articles 59 & 66, UCMJ.

[53] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | **NMCCA NO. 202400414** |
| v. | **ENTRY OF JUDGMENT** |
| **Matthew R. DAWSON**<br>**Quartermaster Third Class**<br>**(E-4)**<br>**U.S. Navy** | |
| | *As Modified on Appeal* |
| *Accused* | **3 June 2026** |

On 1 August 2024, the Accused was tried at Naval Station Great Lakes, Illinois, by a special court-martial consisting of officer members. Military Judge Michael Whitican presided over the trial and completed the Entry of Judgment.

## FINDINGS

The following are the Accused's pleas and the Court's finding to all offenses the convening authority referred to trial:

**Charge:**  **Violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.**

    *Plea:* Not Guilty.
    *Finding:* Guilty.

**Specification:**  **On or about 31 May 2023, steal two computers, of a value of approximately $5.978.00, the property of the Navy Exchange Service Command.**

    *Plea:* Not Guilty.
    *Finding:* Guilty.

## SENTENCE

On 1 August 2024, the members sentenced the Accused to the following:

**Reduction to E-2;**

**Confinement for 45 days; and**

**Forfeiture of $746.00 per month for three months.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court